**Robert Louis BONE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16462.**

United States Court of Appeals
Eighth Circuit.

April 7, 1960.

Robert Louis Bone, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

This is an appeal from a denial on its face of a motion by appellant, under 28 U.S.C.A. § 2255, to have his sentence vacated. The District Court permitted appellant to file a Notice of Appeal without payment of fee but denied him leave to proceed further in forma pauperis, holding that his appeal was frivolous, in that it presented "no matters of substance."

Appellant's sentence was one imposed on a plea of guilty by him to a charge under 18 U.S.C. § 2114 of having robbed a clerk in a United States Post Office Contract Station of funds belonging to

64

the United States, while putting the life of such clerk in jeopardy by the use of a dangerous weapon. The plea was entered after dismissal by the Government of another count in the indictment, which had charged appellant with making an assault upon the postal clerk, with a dangerous weapon, in effecting the robbery referred to. Appellant was represented by counsel both in the making of his plea and in the sentencing proceedings had.

Appellant had filed a previous motion under 28 U.S.C.A. § 2255, which also had been denied on its face for want of substance, and as to which he similarly was allowed to file Notice of Appeal but was refused leave to proceed further in forma pauperis on the ground that the appeal was frivolous. The Government subsequently filed a motion to docket and dismiss the appeal under our Rule 7(d), 28 U.S.C.A., which motion was granted by us, with appellant expressing his consent to this action.

The present motion makes a charge, not contained in his previous one, that appellant had been induced to admit his guilt and to enter the plea which he made, because of false promises made to him by a Postal Inspector and by an Assistant United States Attorney. These promises, he claimed, were that the Postal Inspector and the Assistant United States Attorney would arrange to have any charge against him by the State of Missouri for armed robbery dropped and dismissed.

In a motion here for leave to proceed in forma pauperis, and for the appointment of counsel to represent him, which is the motion now before us, he complains of the failure of the Memorandum and the Order of the District Court to discuss this charge and urges that it is one which entitled him to a hearing. He asserts that "Since being sentenced, I have had a detainer placed against me by the State of Missouri, for the charge of Armed Robbery."

The transcript of the sentencing proceedings show that, beyond the plea of guilty entered for him by his counsel,

appellant, on interrogation by the Court, frankly admitted his participation in and guilt of the offense with which he was charged and of other acts incident thereto. He made no claim before the Court that any promises or conditions existed in relation to what he was doing, and the Court, in dealing with the present motion, apparently regarded the sentencing proceedings had before it and the character of the statements made by appellant as to his guilt as conclusively demonstrating that he was not at the time being controlled by any external circumstances in respect to the plea.

Beyond this holding, however, in our consideration of whether any factual basis might exist for appellant's contention, so as perhaps to entitle him to a hearing, we have taken notice, for purposes of his motion here, of the records of the State courts in the City of St. Louis and in the County of St. Louis, Missouri, which reveal that there are no charges of armed robbery pending against him in any of those courts. A charge of first degree robbery committed against the manager of a Super Market, unrelated to the Post Office robbery here involved but committed at about the same time, was filed in the Magistrate Court of the Second District of St. Louis County, Missouri, about the time he was sentenced for the Federal offense and a detainer was placed against him thereon at the Federal Penitentiary in which he is incarcerated. But the State court records show that this charge has since been dismissed, so that even if appellant's claim of promises having been made to him on the part of the Postal Inspector and the Assistant United States Attorney should be accepted as true for purposes of his motion, there is no present basis for him to assert that these promises were fraudulent or that any advantage has been taken of him on the basis thereof. Thus his allegations are unable to afford any possible ground of consideration for the relief which he seeks. None of his other contentions contain any substance and they therefore require no discussion.

Appellant's motion for leave to proceed in forma pauperis and for appointment of counsel will accordingly be denied, except that his appeal will, for record and termination purposes, be permitted to be docketed without payment of fees, and the appeal will be dismissed as being without any basis of possible relief and so being frivolous.