Robert Louis **BONE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17026.

United States Court of Appeals
Eighth Circuit.

July 23, 1962.

Robert Louis Bone, pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo., filed motion to dismiss.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant has undertaken to appeal from the denial of a motion by him for vacation of his conviction and sentence. While he has denominated the motion as one for a writ of error coram nobis, it is in its nature, scope, and object one that comes within the provisions of 28 U.S.C.A. § 2255. This is the third motion under § 2255 that appellant has filed.

In one of the previous motions, Bone v. United States, 8 Cir., 277 F.2d 63, appellant had made claim that he was induced to plead guilty because of promises on the part of a Postal Inspector and an Assistant United States Attorney that they would get the state charges dropped or dismissed, which were related to the postal robbery involved, and that these promises had not been kept. We there held that the record of the arraignment and sentencing proceedings, with appellant's full admission of participation and guilt of the postal robbery, properly could be regarded by the trial court as demonstrating conclusively that his plea was not at the time controlled by any external circumstances. Beyond this, we also pointed out that the state court records showed that there were in fact no such state charges pending against appellant, so that the ground on which he predicated his right to relief was wholly without basis.

In his present motion appellant has made renewed assertion of such inducement having occurred, but he has not presumed to challenge in any way the statement in our previous opinion that no such state charges are in fact pending against him. His argument seems to be that the making of any promises in inducement of a plea of guilty would cause the plea to be an involuntary one as a matter of law, regardless of the nature of the promises and regardless of whether they had been kept. That theory is on its face without legal tenability.

The motion also alleges as a basis for relief that the record fails to show any determination by the court that appellant's plea of guilty was made voluntarily with understanding of the nature of the charges against him. That contention is answered by what we said in Adkins v. United States, 8 Cir., 298 F.2d 842, 843–844, certiorari denied 82 S.Ct. 1604:

"The provision of Rule 11, Rules of Criminal Procedure, 18 U.S.C.A., that, on a plea of guilty being made, the court 'shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge', imposes on the court the responsibility of making certain that these conditions exist, but there is no requirement that the court must enter a formal finding or recitation to this effect."

As in the Adkins case, the transcript of the arraignment and sentencing proceedings provided adequate basis for the trial court to be satisfied and convinced that "the entry of a plea of guilty in appellant's behalf by his counsel was with voluntariness on the part of appellant and with understanding by him of the nature of the charge." Id. at p. 843.

The appeal is dismissed as frivolous.