George TURNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17132.

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1964.

George Turner, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The appeal is from an order denying a motion to vacate sentence under 28 U. S.C.A. § 2255. This is the second such motion which appellant has filed. The denial made of his first motion was affirmed by us in Turner v. United States, 8 Cir., 271 F.2d 855.

In both instances, appellant had sought and was granted leave to make filing of the motion in forma pauperis. He chose, however, not to seek leave in the District Court or in this Court to have the present appeal docketed in forma pauperis, but instead to make payment of the docketing fee. Apparently he felt that such an application, if made, would be denied on the ground that the appeal was frivolous.

This would be the ruling for which the situation legally called. The appeal is no less frivolous because appellant has paid to have it docketed. It will be dismissed for that reason.

Appellant's contentions in his present motion are that, in the waiving of indictment by him under Rule 7(b), Fed.Rules of Crim.Proced., 18 U.S.C.A., the Court had permitted the United States Attorney to do the advising as to the nature of the charges against him and his right to be prosecuted by indictment, instead of itself performing this function; that, similarly, in the accepting of appellant's plea of guilty under Rule 11, the Court had allowed the United States Attorney to do the interrogating as to his desire to plead guilty, instead of itself performing this function; that the handling of the proceedings in this manner represented an unlawful delegation and abdication of judicial duty and so was a violation of due process; and that thus there existed no basis on which the Court was entitled to make a determination, nor did it in fact purport to do so, that what appellant did was voluntarily and understandingly done by him.

The processes of informing an accused of the nature of the charges against him, of advising him of his right to be prosecuted by indictment, of appraising his consent to be prosecuted in information, and of accepting his plea of guilty as being voluntarily and understandingly made, are matters of reality and not of ritual. Nunley v. United States, 10 Cir., 294 F.2d 579; Adkins v. United States, 8 Cir., 298 F.2d 842; Johnson v. United States, 8 Cir., 301 F.2d 631; Bone v. United States, 8 Cir., 305 F.2d 772.

Such proceedings are generally conducted with some informality, probably because this lends itself to more ease and freer response on the part of the accused. Neither Rule 7(b), allowing

an accused to waive prosecution by indictment, nor Rule 11, permitting a plea of guilty to be accepted where the Court determines that it has been made voluntarily with understanding of the nature of the charge, imposes on the Court the duty of conducting a formal hearing and making formal findings. The Court has a responsibility, of course, to be certain that the reality of voluntariness and understanding exists, but there is no requirement that it must enter a formal finding or recitation to this effect. Adkins v. United States, supra.

The record of the proceedings must indicate with absolute certainty that the accused was in a position so to act, and also it must leave no possible room for doubt that the Court evaluated and was satisfied that the accused was so acting at the time. But where such conclusive conviction is produced on the face of the record, there is no room for a collateral attack on the basis which appellant attempts here.

■ The circumstances shown as to appellant's consultation with his attorney, the expressions made both by him and by his attorney, the at-homeness manifested by him in the proceedings, and the statements made by him as to his situation at the time he was sentenced, leave no basis for any doubt as to voluntariness and understanding having existed in what he did and as to the court having appraised and been satisfied that such was the fact.

It may be added that appellant's first motion clearly indicates that he is simply engaging in the not-uncommon pursuit of trying to find some way to escape the consecutive sentence of five years which was imposed on him. He had been given concurrent sentences of five years on the first three counts of the information, and concurrent sentences of five years on the fourth and fifth counts, with the latter to be served consecutively to the first five-year term. He sought to get rid of the consecutive five-year term on the alternative grounds, either that all of the five counts represented but a single offense, or that, if they represented separate offenses, then, while his plea of guilty might be valid as to the first three counts, it was not valid as to counts four and five because "he did not understand the true charges" in those counts.

■ All five of the counts were for the same character of offense. They represented 5 out of a series of 55 filings of fictitious income tax returns and making false claims for refunds on the basis of them. They could thus not be claimed to constitute merely a single offense. Nor could appellant credibly assert that he understood three of the charges but not the two others, when the record showed that they were all handled in the same manner and so could not escape being made equally clear.

Neither on the previous motion nor on the present one was there any basis for appellant to contend collaterally that he had not acted voluntarily and understandingly in all that he did.

Appeal dismissed.