**Robert T. MATHIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 683.

United States District Court E. D. North Carolina, Fayetteville Division.

Oct. 5, 1965.

BUTLER, Chief Judge.

## FACTS

This is an application by a federal prisoner for writ of error coram nobis to vacate and set aside the judgment and sentence entered upon a plea of guilty to the charge of falsifying a United States Army voucher for reimbursement of travel expenses in violation of 18 U.S. C.A. § 1001. The execution of a prison sentence of a year and a day was suspended and the petitioner was placed on probation for two years upon a special condition that he make restitution.

Petitioner is now serving a term of six months to five years in a Florida state prison, pursuant to state conviction subsequent to the federal sentence. Because of certain violations of the probationary sentence entered in the federal case in 1961, a probation violator's warrant has issued against petitioner and a detainer has been filed. The thrust of petitioner's complaint is that because of defects in the federal conviction, the detainer constitutes unconstitutional impositions on his liberty. He seeks to have the federal conviction declared null and void to erase the onus of probation and detainer, and to avoid the probationary condition requiring restitution.

Petitioner alleges two constitutional defects, of importance here, at his trial in 1961 to render his conviction void:

First, petitioner alleges that he entered a plea of guilty because he was "intimidated" by the prosecuting attorney. He alleges, and the record shows, that he entered a plea of not guilty to the charge. Subsequently, he says, two United States attorneys called him aside and advised him that they did not want to send him to prison since only $214.80 was involved, and that if he would change his plea to guilty they would see that he would get a probationary sentence provided he would agree to make restitution. Petitioner avers that he did not wish to change his plea "knowing he was innocent, but didn't know how to establish his innocence and became intimidated and further became the subject of the United States Attorney's guile." [1] Petitioner admits, and the record shows, that he did change his plea to guilty after the court had instructed petitioner that he could proceed on the not guilty plea or withdraw it and enter a plea of guilty, "provided you do so freely and voluntarily without any threats or coercion or promises." [2] The guilty plea was thereupon entered.

---

1. Quoting from petitioner's motion:
 "They also advised defendant that he must go before Judge Butler and state to him, that I wish to change my not guilty plea, to a guilty plea. Also advise him that you are doing this voluntarily. Defendant did not want to do this, knowing he was innocent. But, didn't know how to establish his innocence and became intimidated and further became the subject of the United States Attorney's guile."

2. The transcript reveals that a probation officer in open court told the trial judge that he, the officer, had talked with petitioner during a recess and that the petitioner said he would plead guilty. The officer recommended probation and a suspended sentence. The dialogue then appears:
 COURT: "You have a perfect right to continue in the trial of your case and let the result hinge upon the verdict of the jury or you may withdraw your plea of not guilty and enter a plea of guilty, provided you do so freely and voluntarily and without any threats or coercion or promises. What are your desires?"
 PETITIONER: "I prefer to withdraw the plea of not guilty and enter a plea of guilty."
 COURT: "Let the record so indicate."

Second, petitioner alleges that he was not apprised of his right to court-appointed counsel. The record shows that petitioner told the court he would like to have counsel, but that he had not employed an attorney. The court thereupon inquired whether petitioner desired "to consult with an attorney and make arrangements with one to represent you," whereupon petitioner replied, "No, sir." The court then said: "Let the record show the defendant waives counsel."

Petitioner does not seek relief under 28 U.S.C.A. § 2255. Application for such relief was denied petitioner by this court in an order dated February 26, 1964, on the ground that § 2255 is available only to federal prisoners in custody under sentence of a federal court. Nor does he seek relief under 28 U.S.C.A. § 2241 et seq., which relief can be afforded only by a district court within the territorial jurisdiction wherein the petitioner is detained.

## QUESTION PRESENTED

The question presented is whether petitioner, serving a sentence pursuant to a state conviction, can employ the common law writ of error coram nobis to challenge a prior federal conviction on the ground he was not advised of his right to counsel and that his guilty plea was coerced, notwithstanding petitioner's failure to allege facts constituting a present restraint on his liberties.

## LEGAL STATUS

 At common law, the writ of error coram nobis enabled the court rendering judgment to reconsider it and grant relief from errors of fact not appearing on the face of the record. United States v. Morgan, 346 U.S. 502, fn. 9 p. 507, 74 S.Ct. 247, 98 L.Ed. 248 (1954), 4 C.J.S. Appeal and Error § 9 (1957), 49 C.J.S. Judgments §§ 311–313 (1947). The extraordinary writ has been expressly abolished in the federal

civil practice, Rule 60(b), Fed.R.Civ.P. (1960), but it has survived in the criminal practice by virtue of 28 U.S.C.A. § 1651(a) (1950) [3]—the "all-writs" section—to the extent that it has not been replaced by a statutory provision. United States v. Morgan, supra. Hence, the writ will not lie where either 28 U.S.C.A. § 2255, or 28 U.S.C.A. § 2241, is available to a petitioner; but a proceeding under § 2255 has been construed as a petition for writ of error coram nobis where petitioner stated a ground for relief, but was not in "custody" so as to meet the requirements of § 2255. United States v. Morgan, supra, Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959), Burns v. United States, 321 F.2d 893 (8 Cir.), cert. denied, 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445, rehearing denied, 351 U.S. 958, 76 S.Ct. 851, 100 L.Ed. 1481 (1963), Woykovsky v. United States, 309 F.2d 381 (9 Cir. 1962), cert. denied, 374 U.S. 838, 83 S.Ct. 1889, 10 L.Ed.2d 1059 (1963).

Because of the breadth of current federal statutes and rules, the writ of error coram nobis appeared until recently to have been consigned to limbo. Then came the Morgan case, supra, in which a petitioner brought coram nobis in a federal district court to have declared void a prior conviction in that court, on the ground his constitutional right to counsel had been violated. Petitioner had served the federal term, and was convicted on a state charge and sentenced to a longer term as a second offender because of the prior federal conviction. The Court held coram nobis was available to petitioner to show the illegality of the federal conviction, which could not be attacked under § 2255 because petitioner was no longer in federal custody.

 The Morgan case has resulted in a growing tide of petitions under coram nobis where relief through federal statutory provisions is not available.

---

3. § 1651. Writs

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The writ is available both where the conviction complained of has been served, United States v. Morgan, supra, Shelton v. United States, 242 F.2d 101, set aside on rehearing, 246 F.2d 571 (5 Cir.), reversed and remanded, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958), United States v. Di Martini, 118 F.Supp. 601 (S.D.N.Y.1953), and where it is yet to be served, Moon v. United States, 106 U.S. App.D.C. 301, 272 F.2d 530 (1959), Johnson v. United States, 344 F.2d 401 (5 Cir. 1965), Burns v. United States, supra. But a common thread running through the cases is that the petitioner afforded relief through coram nobis has specifically shown a present adverse effect from the unconstitutional conviction.

Thus, in Morgan, the illegal federal proceeding resulted in a longer term for petitioner as a state offender; in Johnson, one of the convictions attacked would begin only after completion of another term then being served, but the validity of both the prior and the later convictions were in question in the coram nobis proceeding; in Shelton, petitioner was conditionally released under 28 U.S. C.A. § 2154, but could not leave the place of his residence without consent of his probation officer; and in Di Martini, the federal conviction was taken into consideration in fixing the state sentence then being served by petitioner. Thus, in each of the cases, the conviction attacked had resulted in a present restraint of one kind or another.

Also of importance is the recent case of Martin v. Commonwealth of Virginia, 349 F.2d 781 (4 Cir. 1965). There, the court was considering a petition in habeas corpus, not coram nobis. It was held that federal habeas corpus was available to declare void a sentence not yet being served *if it affected petitioner's right to parole.* Because the convictions complained of barred petitioner's right to parole, the court said, he is "in custody" within the purview of 28 U.S.C.A. § 2241 and hence entitled to relief. It

was petitioner's present eligibility for parole, which petitioner had alleged, upon which the court grounded its decision.

In Young v. United States, 337 F.2d 753 (5 Cir. 1964), petitioner in a Florida state penitentiary proceeded under § 2255 to attack a federal detainer which he alleged grew out of an illegal federal sentence. The Court of Appeals, affirming the district court finding of no relief because of lack of federal custody, said:

> "Our record does not disclose how Young [petitioner] got out of federal prison and into a Florida prison. If we were permitted to indulge in a conjecture or surmise, of which we are so critical when done by those tribunals whose decisions we review, we might conjecture or surmise that he had been given a conditional release or parole from the place where he had been confined by federal authority and had then been taken into custody by the Florida law enforcement officers. But if we had some proof of what we cannot surmise or conjecture, we would be unable to treat the conditional release or parole as federal custody to support Section 2255 jurisdiction." 337 F.2d at 756.

The court thus said in Young that § 2255 is not available to attack a federal detainer against a state prisoner, at least under the factual situation presented where petitioner made no allegations that the detainer restrained his parole from the state prison or that the federal conviction in any other way influenced his present incarceration. And reading Young with Martin, it would appear that if both § 2241 and § 2255 require a showing of present adverse effect, the same requirement should exist for relief through coram nobis.

Petitioner here raises objections which historically are cognizable through coram nobis, except that he shows no present adverse effect. The trial court seemingly erred in failing to follow Rule 44, Fed. R.Crim.P. See United States v. Curtiss,

330 F.2d 278, 279–280 (2 Cir. 1964) where it was said:

"While we recognize the difficulties a trial judge faces in situations of this kind, we believe that the right to counsel in a federal criminal trial can only be waived *after a clear-cut explanation of the defendant's rights and an intelligent exercise of the choice.*" (Emphasis added.)

Earlier, in Morgan, supra, the Supreme Court noted:

"Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court." 346 U.S. at 512, 74 S.Ct. at 253.

Moreover, a guilty plea resulting from coercion or duress has been held to justify reversal of a federal conviction through coram nobis. Shelton v. United States, supra. In Shelton, the defendant alleged that he pleaded guilty in reliance on a statement by the district attorney that defendant would receive only a one-year sentence if he pleaded guilty. There was no showing on the record that the trial court followed Rule 11, Fed.R. Crim.P., requiring a determination that the plea was voluntarily entered. The Court of Appeals reversed the trial court's refusal of a writ of error coram nobis, saying:

"If a plea of guilty is made upon any understanding or agreement as to the punishment to be recommended, it is essential, we think, that, before accepting such plea, the district court should make certain that the plea is in fact made voluntarily. Otherwise, the plea is subject to impeachment as having been induced by a promise of recommended leniency." 242 F.2d at 113.

In the instant case, unlike Shelton, the record reveals a careful instruction by the court to defendant, in keeping with Rule 11, of his right to proceed on the not guilty plea or to change his plea to guilty "provided you do so freely and voluntarily and without any threats or coercion or promises." [4] Thereupon, the defendant entered the guilty plea. There is no showing, despite the alleged conversation with the district attorney, that the plea was anything but voluntary. Indeed, the court in Shelton did not condemn the promise made, but, rather, the failure of the trial court properly to follow Rule 11 in determining that the plea was voluntarily made.

The further question arises whether petitioner is entitled to relief notwithstanding the court's adherence to Rule 11. That is, does a representation by the district attorney that the defendant will receive a stated sentence constitute such coercion or inducement as will render a conviction void?

A long line of cases indicates that no coercion results when a defendant, as here, enters a plea of guilty upon a promise made by a district attorney, or other federal officer, when such promise is later kept and where Rules 11 and 32, Fed.R.Crim.P., are carefully followed. The former rule permits a change to a guilty plea when voluntarily entered, and the latter affords the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment. The record in the instant case reveals that the trial court afforded the defendant, before sentencing, an opportunity to make a statement in his own behalf. Does the alleged promise of the district attorney violate Rule 11?

In Dillon v. United States, 307 F.2d 445 (9 Cir. 1962), the district attorney told defendant's attorney he would recommend a ten-year sentence if defendant pleaded guilty. The defendant did so plead, but no recommendation was made either openly to the court or in the pre-

4. See note 2, supra.

sentence report. Before sentencing, defendant was asked if he had anything to say in mitigation, and he replied, "No." Thereupon, he was sentenced to eighteen years. In ordering a new hearing for purpose of resentencing, the Court of Appeals said:

> "A plea induced by promises *not intended to be kept* would violate due process; a sentence based upon such a plea could not stand." 307 F.2d at 449. (Emphasis added.)

The district court on rehearing, 218 F. Supp. 948, 952, (D.C.Ore.1963), said:

> "Yet a logical reasonable basis for the silence of Dillon and his counsel would be the belief that the sentencing judge had knowledge of the recommendations through the presentence report, and therefore would have had to consider and deal with them. That being true, Dillon was unknowingly deprived of an opportunity of presenting 'information in mitigation of punishment' [under Rule 32] which he then thought was being considered but, in fact, was not."

In United States v. Taylor, 303 F.2d 165 (4 Cir. 1962), petitioner said he pleaded guilty in reliance on a statement by narcotics agents that they would see he got forty years in another pending case and the maximum sentence in the instant case if he did not cooperate. He complained that he was not given the right of allocution before sentence, under Rule 32, wherein he could have spoken in mitigation. The court said denial of the right of allocution coupled with threats that he would get the maximum sentence if he did not plead guilty resulted in a void sentence which could be attacked under § 2255. The court said:

> "[T]he allegation that the defendant was *threatened with severe punishment* by the Agent of the United States unless he admitted his guilt, if true, would furnish sound ground for vacating the sentence in a collateral proceeding." 303 F.2d at 168. (Emphasis added.)

The principal case differs in two respects from Taylor. First, there is no allegation of a denial of the right of allocution; and if there were, the record would rebut it. Second, the court in Taylor speaks of threats of severe punishment if the defendant did not plead as urged; while in the present case, the promise alleged was simply that defendant, by pleading guilty, could be assured of a probationary sentence. Petitioner alleges no threats or reprisals.

The present case is distinguishable from Teller v. United States, 263 F.2d 871 (6 Cir. 1959). There, defendant alleged he entered a guilty plea in reliance on a statement by the district attorney that, if he pleaded guilty, his girl friend and co-defendant would not be prosecuted. She was, in fact, in breach of the promise, prosecuted and convicted. On those allegations, petitioner was held to have stated grounds for § 2255 relief.

In United States v. Lester, 247 F.2d 496 (2 Cir. 1957), petitioner alleged he pleaded guilty to a lesser charge after the district attorney told him he "would get full consideration from the court. I understood him to mean that nothing would happen to me." In fact, he was given an active sentence. The court said:

> "If the statements the defendant claims were made to him are found to have been, in fact, made; and if the construction which the defendant claims to have placed on the statements was, under the circumstances, reasonable; *and he is able to establish that he was in fact misled;* then his motion to withdraw the plea of guilty should be granted." 247 F.2d at 501. (Emphasis added.)

Thus, in Lester, the court grounded relief on an allegation of defendant that he was misled by promises which he construed as assuring him of treatment other than that received. No such allegation appears in the instant case.

In Smith v. United States, 321 F.2d 954 (9 Cir. 1963), petitioner was told that he would receive a five-year sen-

tence if he would plead guilty to a narcotics charge. He so pleaded. Later, the court realized that the statute required a ten-year sentence and the earlier sentence was increased to conform to the statute. In a § 2255 proceeding, the trial court denied relief but the Court of Appeals reversed, saying:

"It is apparent that the pleas of guilty * * * were received with the understanding that appellant would receive [five years]. * * * Under these circumstances, we feel that the plea of guilty * * * should be set aside." 321 F.2d at 955–956.

A broken promise, once again, controlled in Smith. But in Bone v. United States, 277 F.2d 63 (8 Cir. 1960), a kept promise—that a state charge would be dismissed if petitioner pleaded guilty to a federal charge—was held to bar relief under § 2255. There, it did not appear whether the state charge was dropped at the behest of federal authorities, or whether the state dismissed the charge of its own volition. In any event, the state charge was no longer pending when petitioner proceeded under § 2255 on the ground his plea was induced by the promise of a district attorney and a postal inspector. The court said, 277 F.2d at p. 64:

"[T]here is no present basis [in view of the dismissal] for him to assert that these promises were fraudulent or that any advantage has been taken of him on the basis thereof."

In a later motion denominated a writ of error coram nobis, the petitioner in Bone attempted again to attack the alleged inducement by federal officials. The district court denied the motion and the Court of Appeals affirmed, saying:

"His argument seems to be that the making of any promises in inducement of a plea of guilty would cause the plea to be an involuntary one as a matter of law, regardless of the nature of the promises and

regardless of whether they had been kept. That theory is on its face without legal tenability." Bone v. United States, 305 F.2d 772, 773 (8 Cir. 1962), reversed and remanded on other grounds, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

## CONCLUSION

■ With respect to petitioner's complaint of coercion, the court finds that the record rebuts the allegation of an involuntary guilty plea and hence makes unnecessary any further consideration of this claim in determining the availability or non-availability of the writ of error coram nobis.

■ Petitioner has recited facts which ordinarily would warrant the granting of a writ of error coram nobis to determine whether counsel was properly waived, except that he has failed to aver how this alleged constitutional defect in any way affects his liberty. In view of the extraordinary nature of the writ, and in view of the importance which this factor—a present restraint on liberty—has played in the prior cases involving coram nobis, the court is reluctant to extend further the application of the writ beyond the scope of the decided cases. It is noted, again, that relief appears to have been afforded under the writ only where a present restraint or imposition has resulted from a sentence already served, or to be served. Absent any showing of such restraint or imposition, a present determination of the constitutional question would be a futile exercise to save petitioner from a supposed adversity which he does not allege. It is, therefore,

Ordered that his petition for a writ of error coram nobis is hereby denied.

It is further ordered, for purpose of the record only, that petitioner be allowed to file his motion without prepayment of fees and costs or security therefor to the clerk of this court.