**Robert Louis BONE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17656.**

United States Court of Appeals Eighth Circuit.

Oct. 8, 1965.

Robert Louis Bone, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for the United States.

Before JOHNSEN, VOGEL and MEHAFFY, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant's motion under 28 U.S.C.A. § 2255 to vacate sentence was initially denied by the District Court without a hearing, and we dismissed the appeal taken by him as being frivolous. Bone v. United States, 8 Cir., 305 F.2d 772. The Supreme Court granted certiorari, vacated the judgment, and remanded the

case "for further consideration in light of Sanders v. United States, 373 U.S. 1 [83 S.Ct. 1068, 10 L.Ed.2d 148] ". Bone v. United States, 374 U.S. 503, 83 S.Ct. 1879, 10 L.Ed.2d 1045.

A full evidentiary hearing was thereafter held by the District Court in which appellant was represented by retained counsel and all the testimony sought to be adduced by him was duly received. On consideration of the evidence, the District Court found against appellant on the merits of each of his contentions and his motion to vacate was therefore again denied, 227 F.Supp. 69. The hearing and determination were had before Judge Regan, since Judge Weber, by whom the motion was initially denied, had in the meantime died. Judge Regan's findings and conclusions in the matter are supported by substantial evidence and cannot be declared to be clearly erroneous. We accordingly affirm.

■ Appellant's first contention was that his plea of guilty was controllingly induced by promises on the part of a Postal Inspector and an Assistant United States Attorney so as not to have been voluntarily made. Judge Regan found "that the petitioner [appellant here] made a voluntary choice to plead guilty to the violation of Section 2114, Title 18 U.S.C.A. contained in Count Two of the indictment; that he had done so rather than to stand trial in the State Court for the charges that might have been brought against him there and for his escape from the Missouri State Penitentiary"; and "that petitioner did this voluntarily with full knowledge of the charge against him in the Federal Court and the penalty and not by any coercion or duress, nor by reason of any promises made to him by agents of the United States Government". 227 F.Supp. at 71. As indicated above, the record affords ample basis for this evaluation, conclusion and finding on the part of the court as trier of the facts.

■ The second contention made by appellant was that in the imposing of sentence upon him he was not granted allocution, as required by Rule 32(a),

Fed.Rules of Crim.Proced., 18 U.S.C.A. Judge Regan held that within the purpose and benefit which the rule would be able to serve in appellant's situation there had been a sufficient according of allocution. "All of the [court's] questions were directed to the petitioner. He was given an opportunity to comment on the facts as presented by the United States Attorney, on his previous record, and on the sentence that would be imposed. It has not been suggested that the petitioner had any remarks he might have made in mitigation of the sentence. No circumstances could be shown to mitigate the sentence which was mandatory upon the plea [the charge being one of robbing a clerk in a postal contract station of post office funds and putting the clerk's life in jeopardy by the use of a loaded pistol]". Id. at 72.

In relation to this evaluation, it is to be noted that the matter was one in which the statute gave the sentencing court no discretion as to the length of the prison term it could impose. The only choice which it had the power to exercise was between requiring appellant to be imprisoned or granting him probation. On that question, there could hardly be contended to be room for appellant to implore or regard himself as entitled to consideration. He had been convicted in the District Court some years previously of forging treasury checks, had been placed on probation, and while on probation had engaged in the activity of stealing checks from mail boxes. He also had been committed several times by the State of Missouri for robbery offenses. Still further, at the time he engaged in the postal station robbery here involved, he was an escapee from the Missouri State Penitentiary where he was serving a twelve-year term for more robbery offenses. All of this the court reviewed specifically with appellant, inquired of him "Is that your previous record?", and was given the unqualified reply that these were the facts. In this situation the court could hardly, with judicial responsibility, have done other than to declare, as it did, "The court couldn't consider probation".

But beyond the matter of form of the allocution accorded, failure of a sentencing court to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by a motion under 28 U.S.C.A. § 2255. Hill v. United States, 368 U.S. 424, 426, 82 S.Ct. 468, 470, 7 L.Ed.2d 417; Machibroda v. United States, 368 U.S. 487, 501, 82 S.Ct. 510, 511, 7 L.Ed.2d 473.

Judge Regan took occasion on his own responsibility to consider whether any question as to appellant's mental competency could possibly be involved. No such issue had been raised by appellant's motion, but in testimony on the hearing there was mention of a psychiatric examination having been made in connection with a state court charge some years before. It was then stipulated that Judge Regan should have the right to obtain and give consideration to the hospital record of this examination. The examination report contained nothing to suggest the need for any possible pause as to appellant's mental competency. On the report, and with nothing else to suggest any question as to competency, the court found "that the petitioner had no mental disability that prevented his understanding the nature of the charge, the punishment that could be and was made, and further that he was capable of aiding in his own defense". Id., 227 F.Supp. at 73. The record would not, we think, have warranted any contrary conclusion.

The only substantial question which could be said to be presented by appellant's motion was whether, within the language of Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, his plea of guilty had been "induced by promises or threats which deprive it of the character of a voluntary act". As previously stated, however, the evidence entitled it to be found that the plea was not one which was thus improperly induced, in the sense of having been so controlled by promises as not to represent a fully volitional act.

Appellant, in final contention, seeks to escape the effect of this deter-

**14**

mination of Judge Regan by arguing that the plea could not legally be found to be voluntary because Judge Weber, in accepting it, did so "without [in the language of Rule 11, 18 U.S.C.A.] first determining that the plea is made voluntarily with understanding of the nature of the charge". But Rule 11 has not been regarded as requiring a sentencing court to engage in any particular form of proceeding, ritual, or technique in order to be able to satisfy itself and to conclude that a plea of guilty is being voluntarily and understandingly made. Smith v. United States, 8 Cir., 339 F.2d 519, 527; Turner v. United States, 8 Cir., 325 F.2d 988, 989; Nunley v. United States, 10 Cir., 294 F.2d 579, 580; United States v. Davis, 7 Cir., 212 F.2d 264, 267. Nor does the lack of recitation or finding to manifest that the court did so satisfy itself or to demonstrate the basis of its evaluation and conclusion leave either its acceptance or the plea itself as void. Cf. United States v. Lester, 2 Cir., 247 F.2d 496, 500; Domenica v. United States, 1 Cir., 292 F.2d 483, 486.

If the record can reasonably be said to leave an implication that the court did not satisfy itself as to the plea of guilty having been voluntarily and understandingly made, or if it does not demonstrate such a full and adequate interrogation or development as rationally to leave no question as to the court's right to give it acceptance, the way is of course open to a prisoner, through a motion under 28 U.S.C.A. § 2255, to attempt to claim that the plea was not voluntarily and understandingly made. But if, upon such a collateral determination being engaged in, it is found that the plea was in fact voluntarily and understandingly made, the plea is without constitutional infirmity and is valid, irrespective of the form or extent of what the trial court did in accepting it. Gundlach v. United States, 4 Cir., 262 F.2d 72, 76; United States v. Swaggerty, 2 Cir., 218 F.2d 875, 879.

The order denying appellant's § 2255 motion is affirmed.