**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vincent Michael RIZZO, Defendant-
Appellant.**

**No. 15394.**

United States Court of Appeals
Seventh Circuit.

June 16, 1966.

Lee B. McTurnan, Arthur F. Staubitz, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence E. Morrissey, Asst. U. S. Attys., Chicago, Ill., Lawrence Jay Weiner, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal, *in forma pauperis*, from a judgment of the district court adjudging Vincent Michael Rizzo guilty of willfully transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C.A. § 2312.[1]

Rizzo was charged under a two-count indictment. Count I charged the transportation of the stolen motor vehicle; Count II charged a bank robbery.

At his arraignment, Rizzo waived a formal reading of the indictment and pleaded not guilty. It is not contended that Rizzo was not furnished a copy of the indictment.

At the time Rizzo's case was called for trial, the Government moved to dismiss Count II of the indictment. This motion was granted.

After a brief recess, Rizzo's counsel advised the court that Rizzo wished to withdraw his plea of not guilty to Count I of the indictment and enter a guilty plea. The following colloquy then took place between the court and Rizzo:

"The Court: Well, Mr. Rizzo, are you satisfied with Mr. McDonald's [defense counsel's] representation of you?

"The Defendant: Yes, your Honor.

"The Court: And he has consulted you, and you have talked with him regarding your plea in this case?

"The Defendant: Yes, your Honor.

"The Court: Has anybody made any promises to you of any kind as to what disposition will be made of this case upon your plea of guilty?

"The Defendant: No, sir.

"The Court: And you enter this plea of guilty freely and voluntarily?

"The Defendant: I do, Judge.

"The Court: Without any promises of any kind by the District Attorney, your lawyer, or anybody else, including this Court?

"The Defendant: That's right, your Honor.

"The Court: All right, it is this Court's duty to advise you that under your plea of guilty—and you do desire to enter a plea of guilty?

"The Defendant: I do, your Honor.

"The Court: It is this Court's duty to advise you that under your plea of guilty, this Court has the power to impose a sentence of not to exceed five years in the penitentiary, or a fine not to exceed $10,000, or both.

"Knowing that, do you persist in your plea of guilty?

"The Defendant: I do, your Honor.

"The Court: Now, in fairness to you, I want to tell you that Mr. McDonald [the defendant's counsel] did, with Mr. Brown [the Assistant U. S. Attorney] discuss the disposition of this case in the event a plea were entered, and I told Mr. McDonald and I tell you, that what I will do in this case upon the disposition of the plea will depend upon the presentence investigation.

"No promises were made as to what this Court will do. Do you understand that fully?

"The Defendant: Yes, your Honor.

"The Court: All right, and knowing that, do you persist in your plea of guilty?

"The Defendant: Yes, I do, your Honor.

"The Court: All right, the plea will be accepted. There will be a finding of guilty."

As indicated in the colloquy, sentencing did not take place at the time of trial.

Following the court's acceptance of the guilty plea, Government counsel, upon the request of Rizzo's counsel, recited to the court the facts in the case. It will suffice, without repeating the recital of facts, to say that the recital did not clearly indicate the itinerary and manner of transportation of the stolen motor vehicle, nor

---

1. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C.A. § 2312.

who was responsible for the transportation. The recital itself did not make out a complete and thoroughly connected case against Rizzo.

After the recital, Rizzo's attorney put Rizzo on the stand, and after some general questions, the following statements were made:

"Q. You did take this car up to Milwaukee, is that true?

"A. Yes, I did.

"Q. And what he read to the Court, what he recited to the Court, is true and correct?

"A. That's right."

On this appeal, Rizzo contends that the trial court violated Rule 11, Federal Rules of Criminal Procedure, 18 U.S. C.A., by accepting his guilty plea without determining his understanding of the guilty plea. This contention does not directly present the question whether Rizzo voluntarily and understandingly pleaded guilty, but rather whether the trial court satisfactorily determined that Rizzo had so pleaded.

Rule 11 reads:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

We note at the outset that none of the federal rules are to be applied ritualistically. Rule 2, Federal Rules of Criminal Procedure, 18 U.S.C.A. states:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

It is thus not necessary, in order to satisfy Rule 11, supra, that the trial court make a *formal* determination of the defendant's understanding of the guilty plea. United States v. Davis, 7 Cir., 212 F.2d 264, 267 (1954); Turner v. United States, 8 Cir., 325 F.2d 988, 989–990 (1964); Gundlach v. United States, 4 Cir., 262 F.2d 72, 76 (1958). The court, of course, must be responsibly satisfied that the defendant knew what he was doing in pleading guilty and that his plea was voluntary. Turner, supra; United States v. Swaggerty, 7 Cir., 218 F.2d 875 (1955).

From the record and oral argument, the following facts have been made clear. Rizzo was furnished with a copy of the indictment and was free to read it. At arraignment, he waived the reading of the indictment and pleaded not guilty. At trial, after the Government moved to dismiss Count II of the indictment, and after a brief recess, Rizzo, by his counsel, advised the court that he wished to withdraw his not guilty plea and plead guilty to Count I of the indictment. Rizzo had the benefit of consultation with his lawyer respecting his case and his plea, represented to the court that he had such consultation and that he was satisfied with it, and advised the court that no promises had been made to him in return for his plea of guilty. Rizzo was advised of the possible maximum penalty which the court could impose on him under his plea of guilty. Finally, the court did not accept the guilty plea summarily, but acted after conversation with and observation of Rizzo, which put the court in a position to make an assessment of Rizzo's demeanor.

Under these facts, we hold that the trial court informally satisfied the requirements of Rule 11, supra, before accepting Rizzo's guilty plea.

We observe that subsequent to the court's acceptance of Rizzo's guilty plea, Rizzo affirmed the Government's recital of facts and admitted transportation of the stolen vehicle to Milwaukee. While the Government's recital of facts did not make out a complete case against Rizzo,

it need not have done so since Rizzo had already pleaded guilty to the charge of the indictment. The recital of facts and Rizzo's statements following it did not indicate that Rizzo did not understand the charges against him. On the other hand, Rizzo's affirmance of the recital of facts buttresses the conclusion that his plea was voluntarily and understandingly made and that the trial court's determination thereof was not incorrect.

We wish to express our appreciation to Mr. Lee B. McTurnan and Mr. Arthur Frederick Staubitz, of the Chicago Bar, who so ably and earnestly served defendant-appellant as court-appointed counsel in this appeal.

The judgment of conviction appealed from is affirmed.

Affirmed.