Jerry **ROBERTS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23950.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

---

Jerry Roberts, pro se.

Charles E. Welsh, Asst. U. S. Atty., Shreveport, La., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

In 1958, appellant, having waived counsel, was convicted in the United States District Court for the Western District of Louisiana upon his plea of guilty to two Dyer Act violations, 18 U.S.C. § 2312, and was sentenced to three years on the first count. On count two imposition of sentence was suspended and he was placed on supervised probation for a period of five years, said probation to begin at the expiration of the sentence imposed on count one. The probation period ran from May 12, 1961 to May 11, 1966. While on probation appellant was convicted of burglary and served one year in the Louisiana State Penitentiary. No action was taken to revoke his probation at that time. Less than two months after his release, appellant was arrested in Des Moines, Iowa, for a traffic violation. At the time he was in possession of an automobile alleged to have been obtained by false pretenses in Monroe, Louisiana.

He departed the Western District of Louisiana without the permission of the probation officer. The Chief Probation Officer then petitioned the district court (the court which placed him on probation) for a hearing to revoke appellant's probation and the court issued a bench warrant for appellant's arrest. However, appellant was returned to Louisiana where he was convicted for auto theft by the State of Louisiana and sentenced to five years. Upon completion of this sentence appellant was brought before the district court where he pleaded guilty to having violated his probation. The court revoked his probation and imposed a five year sentence on the second count of the original complaint to which he plead guilty in 1958. Appellant then brought a motion to vacate and dismiss, 28 U.S.C. § 2255, which was denied by the district court without a plenary hearing. We affirm.

Appellant contends that the district court erred in denying his § 2255 motion without first affording him a plenary hearing. In his § 2255 motion, appellant attacked his conviction on the grounds that the trial court committed error in (1) ordering appellant, *sua sponte*, placed on probation; (2) failing to revoke appellant's probation after a state penitentiary sentence was imposed; (3) failing to assert its jurisdiction over a federal probationer being detained by state authorities; (4) failing to consent to prosecution of a federal probationer by state courts; (5) failing to comply with Rule 11, F.R.Crim.P.; and (6) failing to comply with Rule 32, F.R.Crim.P. We find that these allegations do not present any factual issues and therefore appellant was not entitled to a hearing on his motion.

Further, we find that appellant's first four allegations are clearly without merit. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922). As to appellant's fifth allegation, a careful review of the record convinces us that the trial court, before accepting appellant's plea of guilty, made a proper inquiry of appellant in order

to determine that the plea was being made voluntarily and understandingly in accordance with Rule 11. United States v. Rizzo, 362 F.2d 97, 99 (7 Cir. 1966); Dorrough v. United States, 385 F.2d 887 (5 Cir. 1967). Lastly, while the record demonstrates that the trial court during sentencing proceedings after the 1958 conviction did not specifically ask appellant in formal terms whether he wished to make a statement in his own behalf in accordance with Rule 32(a), such error may not be raised by collateral attack under 28 U.S.C. § 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417, reh. den. 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962). Therefore, the order of the district court denying appellant's § 2255 motion is hereby affirmed.