Francis William **WEAVER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 71–1334.

United States Court of Appeals, Seventh Circuit.

Dec. 8, 1971.

---

**316**

Francis William Weaver, pro se.

Donald B. Mackay, U. S. Atty., J. William Roberts, Asst. U. S. Atty., Springfield, Ill., for respondent-appellee.

Before KILEY and FAIRCHILD, Circuit Judges, and CAMPBELL, Senior District Judge.*

KILEY, Circuit Judge.

The district court denied petitioner Weaver's motion [1] to vacate a twelve year sentence imposed after revocation of his probation. Weaver has appealed. We affirm.

Weaver and a co-defendant were indicted on November 24, 1965, in two counts for violation of 18 U.S.C. § 472.[2] Weaver, represented by retained counsel, pled not guilty. Subsequently Weaver's co-defendant pled guilty to both counts and was granted probation for five years. On June 26, 1966, Weaver, represented by different retained counsel, withdrew his not guilty plea and pled guilty to each count of the indictment. The court imposed an eighteen month sentence on Count I, suspended sentence and granted probation on Count II for a five year period commencing at the end of the eighteen month sentence on Count I.

On January 11, 1968 Weaver began the probation period, but was later charged with violating the terms of probation. The court, after a hearing, revoked his probation [3] and imposed a twelve year sentence on Count II—three years less than the maximum term authorized under 18 U.S.C. § 472.[4]

Weaver argues that on June 26, 1966 when he pled guilty, he was never made aware by the sentencing court, or anyone, that should he subsequently violate the terms of his probation he could upon revocation be resentenced to a period of imprisonment exceeding the period of

* Senior Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. 28 U.S.C. § 2255.

2. Uttering Counterfeit Obligation or Securities.

3. 18 U.S.C. § 3653 reads in pertinent part:
   * * *
   At any time within the probation period * * * the court * * * may issue a warrant for his [probationer's] arrest for violation of probation * * *.
   As speedily as possible after arrest the probationer shall be taken before the

court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

4. The court in sentencing noted that Weaver would be eligible for parole at the expiration of three years, and stated, "it being the intention of the court that you serve a minimum commitment of three years for the offense here involved."

probation that had been granted. It is not clear from his brief whether he claims that the court under Rule 11,[5] should have warned him at the time the plea was entered of the consequences of revocation, or should have given the warning after accepting his plea, but before granting probation.

█ We reject the claim, if intended, that Rule 11 requires a court to warn a defendant of the consequences of revocation of probation, prior to accepting his guilty plea. No authority is cited to support that claim. In our view none could be cited since it is inconceivable to us that at arraignment, district court judges must add to the plain requirements of Rule 11 the burden of anticipating probation in accepting guilty pleas and warning of the consequences of revocation. The result would be not only the likelihood of confusion of the Rule 11 allocution, but also the raising of vain hopes in defendants who are beyond reasonable reach of probation. It would also be likely to invite guilty pleas from others who might find an implied promise of probation in the warning.

We shall accordingly assume that Weaver intended the second alternative: that after pleading guilty but prior to the original sentencing he was never informed by the court that if probation was granted but later revoked he could be sentenced for a period exceeding the period of probation imposed. In resolving the issue we shall assume also, but not decide, that Rule 11 required the judge to determine whether Weaver understood before the original sentencing the consequences of revocation of probation.[6]

The record shows that prior to entry of the guilty plea, and in response to a direct question by the court, Weaver replied that he understood the penalty under each count. After entry of the plea, but prior to the original sentencing, Weaver acknowledged in an extended colloquy with the judge that there was no reason why the court could not impose the "extreme penalty" for the offense. He said he understood that sentences of fifteen years could be imposed on each count, making a total of thirty years if they did not run concurrently. Moreover, Weaver's attorney, in pleading for a minimal sentence, stated he had counseled the defendant "repeatedly over the past several weeks" and that Weaver was aware of the seriousness of the charges against him, in view of the penalties which they carried.

The prosecutor then recommended the original eighteen month sentence and probation. However, before accepting those recommendations, the court put further questions to the defendant. In

5. On June 26, 1966, when Weaver entered his guilty plea, Rule 11 read as follows:

> A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

> Subsequently on July 1, 1966 amendatory language which had been added to the Rule became effective and the Rule then provided:

> A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

6. Weaver's brief states that his research in the limited legal library in the prison disclosed no case deciding that Rule 11 contained that requirement. And the government does not argue that Rule 11 does not apply.

response, Weaver said he understood that his probation could be revoked for "any violation of any laws." He also replied that he understood that "the court is very strict and severe" for a violation of probation and that he "[would] not have another chance."

The court then found Weaver guilty on both counts, imposing the recommended sentence on the first count, and the five year probationary period on the second. Weaver acknowledged that he was receiving a suspended sentence on Count II. In answer to other questions by the judge, Weaver answered that he understood that the court had "control over [him] for about six years," and that if he made a mistake and violated any law, *"the court [would] be severe in punishment."* (Emphasis added.)

We find no merit in Weaver's contention that his revocation sentence should be set aside for the district court's claimed violation of Rule 11. After carefully reading the transcript, we find unpersuasive his argument that he would have withdrawn his guilty plea had he known when probation was granted that revocation could result in a sentence exceeding the original period of probation.

■ No good reason is advanced why Weaver should not have understood from the judge's statements that if probation was subsequently revoked he would be given a severe sentence. True, the court did not directly state that a twelve year sentence would result. However, the record demonstrates in our view, that Weaver was sufficiently warned, after acceptance of his guilty plea, of the consequences of violating the terms of probation. Not only did he then not move for withdrawal of his guilty plea, but also received, as satisfactory, the mercy of the court.

A formal determination by the court that Weaver's plea was intelligently and understandingly made was unnecessary. United States v. Rizzo, 362 F.2d 97 (7th Cir. 1966). It was enough that Weaver understand that a sentence greater than the probationary period could and probably would be imposed on revocation. The record shows that the court's questions and statements could not reasonably be understood to mean that upon revocation of probation sentence would be limited to the term of probation—as Weaver argues he understood them. This is especially so in light of the several weeks of counseling he received from his attorney about the seriousness of the offense, and the likely penalty it carried. Moreover, Weaver had acknowledged his understanding that the court would be very severe for a violation of probation.

We note that neither Weaver nor his counsel challenged the twelve year sentence at the revocation hearing, nor was a motion thereafter filed to correct the sentence under Rule 35, Fed.R.Crim.P.

We find that the district court did not violate Rule 11 so as to vitiate Weaver's guilty plea, and we hold that the lower court correctly found that Weaver's Section 2255 "motion and files and records of the case conclusively show" that he was not entitled to an evidentiary hearing nor to the relief prayed for.

Affirmed.