907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John D. PRESLEY, Defendant-Appellant.
 No. 89-1659.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. POTTER, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant John D. Presley ("Presley") appeals from the district court's May 17, 1989 judgment and commitment order revoking his probation and sentencing him to five years imprisonment. Presley contends that the district court erred in revoking his probation because: (1) he did not know that he could face up to ten years imprisonment for violating his probation; and (2) in revoking his probation, he should not have received a period of incarceration that exceeded the time remaining on his probationary term. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On June 10, 1986, Presley was charged in a two-count information with credit card fraud, in violation of 18 U.S.C. Sec. 1029; and receiving, retaining and concealing stolen United States Treasury checks, in violation of 18 U.S.C. Sec. 510. The government prepared a plea agreement which provided that the maximum sentence on count one would not exceed thirty months; the maximum sentence on count two would not exceed five years of probation. The probationary period would be served consecutively to any period of incarceration imposed by the court on count one.
 
 
 3
 At the plea hearing, held on June 26, 1986, the court informed Presley that the maximum penalty on both counts was ten years imprisonment and/or a $250,000 fine. The court summarized the terms of the plea agreement, and explained its effect.[1] Presley acknowledged that he understood the terms, and pled guilty to both counts.
 
 
 4
 Presley's sentencing hearing was held on October 31, 1986. Both Presley and his counsel were provided with an opportunity to address the court before the sentence was imposed. The court sentenced Presley to thirty months imprisonment on count one. It suspended sentence on count two, and placed Presley on probation for a period of three years to commence upon his release from custody imposed on count one. The court did not inform Presley of the consequences of violating his probation. The court also required Presley to pay restitution to Hertz Rent-A-Car for $1,120.80 in monthly installments of $23.35 to commence thirty days after his release from custody. The court ordered a fifty dollar assessment fee on each count.
 
 
 5
 On March 23, 1988, after completing his term of imprisonment, Presley began serving his three-year probationary sentence. On March 14, 1989, Presley was indicted by a federal grand jury and charged with uttering and publishing a counterfeit security, in violation of 18 U.S.C. Sec. 513(a). The Probation Department filed a probation violation warrant. The warrant ordered Presley to appear before the court on May 17, 1989 for a probation revocation hearing.
 
 
 6
 At the hearing, the court informed Presley that he was charged with violating his probation in two ways: first, he had committed another felony; and second, he had failed to make his restitution payments. Presley pled guilty to the felony of uttering and publishing a counterfeit security. He admitted that he had not made full restitution and that he had pled guilty to a felony.
 
 
 7
 The court found that when the plea agreement was signed and the sentencing court accepted the plea, Presley knew that the maximum term of imprisonment on count two was ten years. The plea agreement only promised that Presley would receive probation on count two--it did not state that if Presley committed another crime, his probation could not be revoked. Furthermore, the court was not a party to the plea agreement; therefore the court was not bound by it. Thus, the court terminated Presley's probation and sentenced him to five years imprisonment. Presley filed a motion for rehearing on May 19, 1989; the district court denied this motion on May 25, 1989. Presley filed a timely notice of appeal on May 31, 1989.
 
 II.
 
 8
 On appeal, Presley contends that since the sentencing court failed to inform him of the consequences of violating probation, the court only could impose a sentence that did not exceed the time remaining on his probation--namely twenty-seven months. We disagree.
 
 
 9
 It is well-established that a guilty plea must be knowingly and voluntarily given in accordance with Federal Rule of Criminal Procedure 11. See Santobello v. New York, 404 U.S. 257, 261-262 (1971); Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984). See also North Carolina v. Alford, 400 U.S. 25, 31 (1970) (the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives). Although it is clear that a defendant must be advised of the direct consequences of his plea, see Brady v. United States, 397 U.S. 742, 755 (1970); United States v. Wolak, 510 F.2d 164, 166 (6th Cir.1975), the defendant need not be advised of every possible consequence of his plea. See United States v. Bucchino, 606 F.2d 590, 592 (5th Cir.1979) (it is not necessary for the court to explain all of the consequences of a parole violation so long as it explains the maximum sentence); Sanchez v. United States, 572 F.2d 210, 211 (the consequences of a defendant's parole violation are collateral with respect to his guilty plea); Weaver v. United States, 454 F.2d 315, 317 (7th Cir.1971) (Rule 11 does not require a court to warn a defendant of the consequences of probation revocation prior to accepting his guilty plea). The defendant only must be informed of the direct consequences of his plea, not the collateral consequences. Sanchez, 572 F.2d at 211.
 
 
 10
 In Weaver v. United States, 454 F.2d 315 (7th Cir.1971), the Seventh Circuit provides us with guidance on whether the consequences of a probation revocation are collateral for the purpose of a guilty plea. In Weaver, the court imposed an eighteen-month sentence on count one, suspended sentence on count two and granted five years probation to begin after Weaver had served the time imposed on count one. Id. at 316. After serving his sentence, Weaver violated the terms of his probation. The court revoked Weaver's probation and sentenced him to twelve years imprisonment on count two--three years less than the maximum sentence allowed by the statute. Weaver appealed alleging that the court failed to inform him, at the time of his plea, that a probation violation could expose him to the maximum penalty allowed under the statute. Id. at 316-17. The court held that Rule 11 does not require a court to warn a defendant of the consequences of probation violation prior to his acceptance of a guilty plea. Id. at 317. Furthermore, even if Rule 11 had such a requirement, the district court had satisfied it.
 
 
 11
 We find that the facts and issues presented in Weaver are applicable to the present case. Although Presley contends that the district court was obligated to inform him of the consequences he would face if he violated the terms of his probation, he cites no authority for this position. The district court informed Presley of the maximum possible sentence he faced on count one, and that he would receive a suspended sentence on count two. A reasonable inference could be drawn that the suspension would be lifted if the terms of the probation were violated. Presley understood that he could be sentenced to a term of imprisonment greater than the probationary period imposed. Since the district court is only required to inform the defendant of the maximum possible sentence, which it did, it was not required to do anything more.[2]
 
 III.
 
 12
 We are persuaded by the Seventh Circuit's decision in Weaver and find that the holding in that case applies to the facts in the present case. For the foregoing reasons, we AFFIRM the judgment of the Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sat by designation
 
 
 [1]
 In addition to explaining what rights Presley was giving up by pleading guilty, the court explained that the agreement was solely between Presley and the government
 
 
 [2]
 Presley cites no authority for the proposition that the court is limited to sentencing him only to the twenty-seven months remaining on his probation. The district court has the power to change the conditions of the probation and even to extend the period of probation within a maximum period of five years. Joint Appendix at 11. Presley's Judgment and Probation/Commitment Order, United States v. Presley (No. 86-CR-80367-DT-01) (Oct. 31, 1986). See 18 U.S.C. Sec. 3565(a)(2)