### UNITED STATES v. WILLIS.
### Cr. No. 728–47.

District Court of the United States for the District of Columbia.

Feb. 19, 1948.

---

George Morris Fay, U. S. Atty. for District of Columbia, and Arthur Mc-Laughlin, Asst. U. S. Atty., both of Washington, D. C., for the United States.

Robert I. Miller, of Washington, D. C., for defendant.

HOLTZOFF, Associate Justice.

The defendant, who has been indicted on a charge of carnal knowledge, desires to plead guilty. The acceptance of the plea is recommended by the United States Attorney in the light of the specific facts constituting the offense and the surrounding circumstances, which are not material for the purposes of this discussion. The question arises whether the Court has authority to accept a plea of guilty in a case of this type, in the light of the fact that the statute authorizes the jury to recommend the death penalty, if the defendant is found guilty. If the jury so recommends, it becomes mandatory on the court to impose a death penalty. In the absence of such a recommendation, the maximum punishment is imprisonment for not more than thirty years.[1] Consequently, by pleading guilty the defendant escapes the risk of being sentenced to death.

A cognate aspect of the question presented in this case was considered by the Court of Appeals for the District of Columbia in 1913 in Green v. United States, 40 App.D.C. 426, 46 L.R.A.,N.S., 1117. In that case, the defendant, who had been indicted for rape, pleaded guilty on arraignment. The Court declined to accept the plea. The defendant was then tried before a jury as upon a plea of not guilty. The jury returned a verdict of guilty with the death penalty and the Court accordingly sentenced the defendant to be executed. On appeal, the defendant contended that it was error for the trial court to refuse to accept his plea of guilty. The Court of Appeals overruled this contention and affirmed the judgment of conviction. It follows, hence, that what the Court held in the Green case is that a defendant charged with rape or carnal knowledge, does not have the right to insist on an acceptance of his plea of guilty. If he had that right, he could evade and render nugatory the provision for capital punishment. That the Court of Appeals had this thought in mind appears from the following observation found in the opinion of Mr. Justice Van Orsdel, page 429 of 40 App.D.C.: "If a plea of guilty may be accepted under the present statute, it places it within the power of defendants, in just such cases as the jury would be likely to assess the higher punishment, to escape such punishment by entering a plea of guilty, thereby nullifying the whole intent of Congress."

The question before the Court of Appeals was not whether the trial court in

---

[1] D.C.Code 1940, § 22—2801, provides as follows: "Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years: Provided, That in any case of rape the jury may add to their verdict, if it be guilty, the words 'with the death penalty,' in which case the punishment shall be death by electrocution: Provided further, That if the jury fail to agree as to the punishment the verdict of guilty shall be received and the punishment shall be imprisonment as provided in this section."

the exercise of its discretion may accept a plea of guilty in such a case, if it deems it advisable to do so; but whether a defendant has a right to insist on the acceptance of such a plea. The two questions are entirely distinct. It must be observed, however, that there are some expressions in the opinion in the Green case, which are broader than the precise ruling of the court, and which, if isolated from their context and read literally, would lead to the conclusion that the court lacks power to accept a plea of guilty in such a case.

■ In reading and analyzing a judicial opinion, we must always be guided by the admonition so well enunciated by Chief Justice Marshall in Cohens v. Virginia, 6 Wheat. 264, 399, 5 L.Ed. 257: "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason for this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

In the Green case, the question whether the Court has authority in the exercise of its discretion to accept a plea of guilty, as distinguished from the right of the defendant to insist on its being accepted, was not before the court and, therefore, the point was not decided.

■ The power of a court to accept a plea of guilty is traditional and fundamental. Its existence is necessary for the purpose of serving the practical ends of the administration of the criminal law. Consequently, it should require an unambiguous expression on the part of the Congress to withhold this authority in specified cases. There is nothing in the statute involved in this case that clearly indicates an intention on the part of the legislative body to deprive the courts of their inherent jurisdiction to accept pleas of guilty.

■ In construing the statute, it is necessary to bear in mind the elementary principle of statutory interpretation that all statutes must receive a sensible construction. Any interpretation leading to an absurd consequence or a futile result must be avoided. United States v. Kirby, 7 Wall. 482, 486, 19 L.Ed. 278; Rector etc. of Church of the Holy Trinity v. United States, 143 U.S. 457, 460-462, 12 S.Ct. 511, 36 L.Ed. 226.

If the statute were construed as depriving the court of jurisdiction to accept a plea of guilty to the charge of carnal knowledge, the court would still be at liberty to accept a plea to a lesser included offense, such as attempt to commit rape, assault with intent to commit rape or even simple assault. Pleas of this sort are frequently accepted in this court. It would seem unreasonable to hold that the court may not accept a plea of guilty to the greater offense of carnal knowledge, if this limitation can be avoided by an acceptance of a plea to a lesser included offense.

Defendants indicted for murder in the first degree frequently plead guilty to murder in the second degree, in order to escape the hazard of a death sentence. No distinction in principle and no difference in result is perceived between permitting a defendant charged with murder in the first degree to plead guilty to murder in the second degree, and allowing a defendant accused of rape or carnal knowledge to plead guilty to the indictment. In each instance, the defendant by this procedure escapes the possibility of being sentenced to death.

A somewhat similar provision is found in the Federal Kidnaping Act, which makes it a criminal offense knowingly to transport a kidnaped person in interstate or foreign commerce. This statute also provides that in certain cases, the defendant shall be punished by death if the verdict of the jury so recommends, U.S. C.A., Title 18 § 408(a).[2]

---

[2] U.S.C.A. Title 18, § 408a, provides in part as follows: "Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in in-

The question whether, in spite of this provision, the Court may nevertheless accept a plea of guilty has been considered by the courts and answered in the affirmative. In Seadlund v. United States, 7 Cir., 97 F.2d 742, 748, the Court stated: "The language employed, it seems to us, is plain and its meaning free from doubt. Congress, unquestionably, intended to place a limitation upon the right of the court to impose the death penalty in that before so doing, an affirmative recommendation must be made by a jury. Upon a plea of not guilty, in addition to the issue as to the defendant's guilt, there may be submitted the further question, in case the jury finds him guilty, as to whether the jury recommend the death penalty. On a plea of guilty, it is discretionary with the court to punish by imprisonment for such terms of years as the court, in its discretion, shall determine, but before the death penalty may be imposed, that question must be submitted to the jury. As to whether it should be so submitted is a matter entirely in the discretion of the trial court. He may sentence to imprisonment in his discretion, or he may, in his discretion, submit to the jury for its recommendation on the question of the death penalty." No reason appears for placing a different interpretation on parallel provisions in the local statute relating to rape and carnal knowledge and in the Federal statute relating to kidnaping.

The foregoing discussion leads the Court to the conclusion that while a defendant indicted on a charge of rape or carnal knowledge has no right to insist on the acceptance of a plea of guilty, the Court, nevertheless, in the exercise of its discretion, has the power to accept such a plea, if it deems it wise to do so.

The facts in the instant case justify the acceptance of the plea of guilty tendered by the defendant. Accordingly the plea of guilty is being accepted by the Court.

terstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: * * *."