Melvin B. **BISHOP**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 18564, 19078.

United States Court of Appeals
District of Columbia Circuit.

Submitted April 28, 1965.

Decided July 1, 1965.

Bastian, Senior Circuit Judge, dissented.

Appellant filed a brief pro se in No. 19078, and his case was treated as submitted thereon.

Mr. Sheldon E. Bernstein (appointed by this court as amicus curiae), Washington, D. C., submitted on the brief as amicus curiae in No. 19078.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Patrick H. Corcoran, Asst. U. S. Atty., were on the brief, submitted on the brief for appellee in No. 19078.

Before BAZELON, Chief Judge, WASHINGTON, Circuit Judge, and BASTIAN, Senior Circuit Judge.

PER CURIAM.

Appellant, through retained counsel, appealed his conviction on a guilty plea to a charge of assaulting a former girl friend with a dangerous weapon, D.C. CODE § 22–502. He claimed that because the alleged assault was perpetrated with a caustic acid, the indictment should have been brought for mayhem. D.C.Code § 22–506. At a hearing on the Government's motion to dismiss this appeal, a *pro se* paper in the nature of a motion

to withdraw the guilty plea came to our attention. We put aside the motion to dismiss, and remanded to the District Court for a hearing on the motion to withdraw, retaining jurisdiction. The motion to withdraw the guilty plea was denied after hearing, and both matters are now before us.

 The claim that the Government was required to indict appellant for mayhem rather than assault with a dangerous weapon is frivolous. The penalties under the statutes are identical. It cannot be doubted that the throwing of sulphuric acid in a person's face constitutes an assault with a dangerous weapon, within the meaning of the statute. Tatum v. United States, 71 App. D.C. 393, 110 F.2d 555 (1940).

The motion to withdraw the guilty plea raises more difficult problems. Appellant's *pro se* motion raised substantial questions in our minds whether his plea was voluntary, or was influenced by representations of counsel as to an agreement with the United States Attorney concerning the sentence he would receive on a guilty plea. Thus, we remanded. After the hearing on remand, appellant appealed *pro se*; his representations and the transcript of hearing led us to appoint an *amicus* to assist in the consideration of these questions.

The record amply supports *amicus'* observation that:

[t]he hearing granted appellant was so unfair as to be no hearing at all but merely a protagonist's implementation of a preconceived judgment. \* \* \* While a trial judge is in an understandably difficult position in a case such as this, taking evidence upon and evaluating charges resting upon alleged incompetency and misconduct involving a member of the bar, nevertheless, a fair hearing of such charges requires open inquiry and objectivity rather than, as was evident in the conduct and the remarks of the trial judge below, merely an effort to vindicate counsel.

██ But the hearing's flaws would be irrelevant if an avowal of innocence is a predicate of "manifest injustice" entitling a defendant to withdraw his plea of guilty after sentence, Rule 32(d), FED.R.CRIM.P. See Smith v. United States, 116 U.S.App.DC. 404, 408, 324 F.2d 436, 440 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964). There has been no such avowal in this case.[1] Such a rule may apply where the plea is taken in accordance with proper procedures, cf. Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964) (majority and dissenting opinions), and sought to be withdrawn after sentencing. But it is not the rule when a plea is withdrawn prior to sentencing. Everett v. United States, 119 U.S.App.D.C. at 63, 336 F.2d at 982, n. 10. Nor do we think that it applies where, as here, it appears conclusively that the plea of guilty was not properly scrutinized before it was accepted. Despite the requirement of Rule 11, FED.R. CRIM.P., and resolution of the district judges of June 24, 1959 (see 336 F.2d at 980), the judge did not seek to ascertain that the plea had been entered "voluntarily" and with "free will"—specifically, that it had not been induced by any promise or representation by anyone as to what sentence would be imposed by the court, and that no threats, coercion, or promises of any kind had been made.[2] The trial judge stated in the hearing on remand, "I don't ask those foolish questions. I don't go through that foolish ritual."

The question we must decide is what if any relief is appropriate to vindicate the

---

1. Appellant has conceded that he poured acid on his former girl friend and does not affirmatively claim a valid defense. However, he "emphatically denies" any felonious or criminal intent.

2. The judge also failed to inquire whether appellant understood the elements of "assault." He did ask whether appellant had "assaulted" the girl, but a non-lawyer may have thought the question referred only to physical acts. Appellant now denies felonious intent, note 1 *supra.*

procedures which the trial judge ignored. These procedures are of such importance, and the trial judge showed such disregard for them, that we cannot let the judgment stand without further, impartial inquiry. Post-plea inquiry into voluntariness is of uncertain value, and does not correct the error underlying receipt of the plea. In the special circumstances here, we think the request for leave to withdraw the plea should be considered under the pre-sentence standard: "if for *any reason* the granting of the privilege seems *fair and just.*" Gearhardt v. United States, 106 U.S.App.D.C. 270, 273, 272 F.2d 499, 502 (1959). And we think it should be considered after a full hearing before a different judge. We remand for that purpose.

So ordered.

BASTIAN, Senior Circuit Judge, dissents from the opinion of the court and from the result reached.