**William Frederick SEMET, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 6057.**

United States District Court
E. D. Oklahoma.

April 19, 1966.

William Frederick Semet, pro se.

Robert B. Green, U. S. Atty., Muskogee, Okl., for respondent.

DAUGHERTY, District Judge.

The Petitioner herein was sentenced on March 19, 1963, for a mandatory period of twenty-five (25) years upon a plea of guilty to an Indictment charging violation of Title 18, United States Code, Section 2114, which involves a postal robbery effected by putting a life in jeopardy. The Petitioner was represented by Court-appointed counsel. No appeal was taken from the Judgment and Commitment.

Petitioner alleges in his Motion herein that his plea of guilty and sentence based thereon should be set aside because:

1. Petitioner's plea of guilty was induced by a chain of coercive circumstances which deprived the plea of its character of being a voluntary act in violation of Petitioner's constitutional rights.

2. Petitioner was denied the effective assistance of counsel.

3. Petitioner was denied the right to be fully informed of the serious nature and consequences of his plea of guilty.

4. Petitioner was deceived by counsel who led him to believe his punishment would be "abated" in spite of a defaulted agreement between his counsel and the Government that he would be sentenced on a lesser offense.

5. Under above circumstances his plea of guilty was obtained by duress and coercion.

From the body of the Motion and the Petitioner's Affidavit in Forma Pauperis the Court detects these additional complaints which will be considered even though not formally raised:

6. Petitioner was interrogated and threatened while in custody and was refused an attorney all by a U. S. Postal Inspector who elicited from Petitioner certain incriminatory statements and admissions.

7. He was unlawfully forced into a line-up.

8. He was illegally detained in pseudo-State custody without formal arraignment; that State charges were filed and dismissed against him for the same act as herein involved.

9. An agreement was made between his counsel and the United States District Attorney that he would be permitted to plead guilty to a lesser and included of-

fense, which agreement was defaulted by the Government after the Justice Department rejected a plea to a lesser offense.

10. His counsel advised him to plead guilty to the Indictment with the assurance a reduction could be brought about later on.

The principal consideration for the Court regarding the Petitioner's Motion is whether or not his plea of guilty was entered voluntarily.

■■ "It is, of course, the rule that a plea of guilty is void when induced by promises or threats which deprive it of the character of a voluntary act and a judgment and sentence entered thereon is subject to attack by a § 2255 motion. * * * It is also the rule that a hearing is required on a § 2255 motion unless the motion and the files and records in the case conclusively show that the prisoner is not entitled to relief. * * * But, a hearing is not required where the motion and the files and records conclusively show that the prisoner is entitled to no relief, * * * or where no factual issues are raised, * * *." Putnam v. United States, 337 F.2d 313 (10 Cir. 1964).

Attached is a photocopy of a certified transcript of the proceedings of March 19, 1963, evidencing the Court's strenuous efforts to be absolutely certain that Petitioner's plea of guilty was uncoerced, completely voluntary, free of all promises, force or threats, that he understood the nature of the charge against him, the punishment he would receive if he plead guilty, and particularly that Petitioner understood that a plea to a lesser offense would not be allowed and that the charge in the Indictment with a twenty-five (25) year mandatory sentence was the only charge and the one to which he was entering his plea. The Court is completely satisfied that Petitioner's constitutional rights were not violated and his conviction was not based on a guilty plea induced by promises of any kind or a misunderstanding which deprived it of the character of a voluntary act. This transcript shows that the Petitioner was fully advised of the nature of the charge against him, the penalty upon a plea of guilty, and was thoroughly questioned as to the voluntary nature of his plea of guilty.

There is absolutely and conclusively no foundation to Petitioner's assertion made herein that his attorney (recently deceased) induced him to plead guilty on the promise of being sentenced on a lesser included offense or that the punishment or principal offense would be "abated," or that a reduction in sentence could be brought about later. The attached transcript shows without any doubt that efforts to change the charge to a lesser offense were unsuccessful and the Petitioner was clearly so advised and definitely knew this; that Petitioner was advised and knew that the charge in the Indictment would stand and would not be reduced and upon a plea of guilty a mandatory sentence of twenty-five (25) years would have to be imposed. By the careful explanation made to the Petitioner he is conclusively bound to know that a reduction in sentence later on would not be possible where a mandatory sentence is involved. In addition, he knew this by the efforts made with his knowledge by his attorney to substitute the charge with a lesser offense. Petitioner knew this possibility was rejected by the Government. The Petitioner with this personal knowledge as conclusively shown by the record entered his plea of guilty.

The Petitioner was represented throughout all these proceedings by a capable member of the bar who was well qualified to advise his client on all matters pertaining to the charge. As further evidence of the voluntary plea, a photocopy of Petitioner's letter of March 15, 1963, is attached. This letter, written on March 15, 1963, and asking that he be permitted to enter a plea of guilty, was placed in evidence during the sentencing proceedings on March 19, 1963, and filed in the case.

The record absolutely and conclusively negates coercion, duress or deceit regarding the Petitioner's plea of guilty. Petitioner's claim of "a chain of coercive

circumstances" and "duress and coercion" making his plea of guilty involuntary, are not only conclusions presenting no factual issues, but are directly and conclusively negated by the record.

■ Therefore, the Court finds from the transcript of the sentencing proceedings and the files and records in the case that the guilty plea entered by Petitioner was made voluntarily, with full understanding of the charge and penalty and that an evidentiary hearing and appointment of counsel are not required. Putnam v. United States, supra; Martinez v. United States (10 Cir. 1965), 344 F.2d 325.

■ Petitioner also asserts his Court-appointed counsel (recently deceased) was negligent or incompetent. The record affirmatively discloses that the Petitioner was ably represented, (his attorney was a former Assistant United States Attorney) and the alleged ineffective assistance of counsel certainly does not amount to manifest injustice necessary to impeach the voluntary plea herein. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958), certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82.

Moreover, counsel for Petitioner made a commendable effort to get the charge reduced but was unsuccessful and, as stated above, the Petitioner definitely knew this before he entered his plea of guilty. The Petitioner upon pleading guilty admitted in open Court that he was guilty of the charge, admitted robbing the post office and admitted using a gun in such act. There was nothing that could reasonably be expected of Petitioner's attorney that he did not do. His representation of the Petitioner was not a mockery or a farce. Brink v. United States, 202 F.2d 4 (10 Cir. 1953), cert. denied, 345 U.S. 1001, 73 S.Ct. 1147, 97 L.Ed. 1406, rehearing denied, 346 U.S. 918, 74 S.Ct. 276, 98 L.Ed. 413; United States v. Brest, 266 F.2d 879 (3rd Cir. 1959), cert. denied, 362 U.S. 912, 80 S.Ct. 662, 4 L.Ed. 2d 619. The Court knows and finds that Petitioner's counsel was capable and qualified and that he rendered the Petitioner competent and prudent legal services in the circumstances.

■ With reference to the Petitioner's claims that he was illegally detained and charged by State authorities and extrajudicial admissions against interest were obtained in violation of his right to be taken before the nearest available Commissioner without unnecessary delay and without counsel, the Court finds no merit in the same. The defendant entered a voluntary plea of guilty. This waived any complaints about his claimed illegal detention by State authorities. Barnhart v. United States (10 Cir. 1959), 270 F.2d 866. No admissions or confessions were used against the defendant in view of his plea of guilty. In Hall v. United States (8th Cir. 1958), 259 F.2d 430, certiorari denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed. 2d 680, it was held that when a sentence is based on a plea of guilty in open court there is no cause to vacate the sentence based on the fact a confession was allegedly procured in violation of the rule requiring a person to be taken before the nearest available Commissioner without unnecessary delay. In United States v. Kniess, 264 F.2d 353 (7th Cir. 1959), the Court considered the applicability of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943) and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). There it was held that constitutional issues are not involved when an extrajudicial confession is asserted to have been inadmissible because of the McNabb-Mallory doctrine. The issue of admissibility must be asserted during trial and raised by direct appeal, rather than by a collateral attack on the judgment of conviction under Section 2255. Barnhart v. United States, supra.

■ With reference to Petitioner's claim that he was unlawfully forced into a lineup, it is well established that a lineup is a permissible procedure. 21 Am. Jur.2d, Section 368, Criminal Law, page 391. If conducted in an improper manner this would bear only on the weight of the evidence and not its admissibility. 71 A.L.R.2d, Section 5, page 456. Moreover,

there is no validity to this complaint since the Petitioner entered a voluntary plea of guilty and the result of the lineup was not used as evidence against him. The legal principle announced in Hall v. United States, supra, would apply here.

Upon due consideration the Motion to Vacate Sentence under 28 U.S.C. § 2255 and Motion for Assistance of Counsel must be and the same are hereby denied for the foregoing reasons.

### Transcript of Proceedings

MR. LANGLEY: If the Court please, Mr. Semet appeared at the last arraignment and plead not guilty to a charge of robbing the Post Mistress using a weapon and by means thereof placing the Post Mistress in jeopardy of her life. He plead not guilty and Mr. Gotcher was appointed to represent him. There is a lesser offense, which I discussed with Mr. Gotcher, where if a Post Office is robbed without placing anyone in jeopardy the sentence, I believe is a maximum of 10 years. Whereas, if someone is placed in jeopardy in the course of robbery that is a mandatory 25 year sentence. It was a matter wherein the only way we can handle it, to give him a lesser sentence, to make available to him a lesser sentence, was to dismiss the indictment and file an information. I was not willing to take the responsibility for doing that without taking it up with the Department of Justice, and I so advised Mr. Gotcher, and on that basis he has consulted with Mr. Semet.

Now, I want to advise Mr. Gotcher, if the Court please, that we have recently, since I last talked to Mr. Gotcher on Friday, come to the conclusion that we are unwilling to dismiss the indictment and to charge a lesser offense. We want to stand on the indictment as it is written, and if he is guilty of it there carries with it a mandatory 25 year sentence.

Now, on March 15, which was last Friday, a letter dated—we got it on March 18th, we had a letter from Mr. Semet stating that he wanted to get this matter over with, and so we think that a man has a right to waive and have his case heard without benefit of counsel if he wants to, or for whatever reason guides him in these matters. He has a right to do that, he has a right to stand up and be tried, so we asked that he be brought up on that basis this morning. We succeeded in getting hold of Mr. Gotcher. I do want it understood we are going to stand on the indictment.

MR. GOTCHER: Yes, all that Mr. Langley has stated is true, and Mr. Semet and I were in hopes we could get that reduced to 10 years. But, Mr. Langley, I think, talked to the Department, didn't you?

MR. LANGLEY: Well, I have had conversations, let's put it that way, that convinces me we should put it as it stands.

MR. GOTCHER: As a result I went to visit Mr. Semet and told him what the situation was. I was in Oklahoma City yesterday and Mr. Langley couldn't get hold of me personally, but did this morning.

Now, Mr. Semet and I went back into the conference room, where the lawyers talk to the clients, and he told me himself that he wanted to withdraw his plea of not guilty and enter a plea of guilty to the information as it charges, the robbery of a Post Office.

Mr. Semet, would you tell the Court what you want to do.

MR. SEMET: Well, the only reason I entered a plea of not guilty in the first place was the hope I might get the charge lowered; all the evidence is against me, they have everything, I have been indicted, and I know there is no hope of getting the charge lowered.

THE COURT: You are William Frederick Semet?

MR. SEMET: Yes, sir.

THE COURT: And Mr. Paul Gotcher, who is present with you this morning, is your attorney in this case?

MR. SEMET: Yes, sir.

THE COURT: As far as this Court is concerned, you have been charged with an indictment returned by the Grand Jury as follows: "On or about the 29th day of

November, 1962, at Overbrook, in the Eastern District of Oklahoma, you William Frederick Semet did rob, steal and purloin from Madge Holt, Postmaster of the United States Post Office at Overbrook, Oklahoma, property of the United States in her lawful charge, control and custody, to wit: blank United States Postal Money Orders Nos. 10–46,823,933 through 10–46,823,950 and the money order validating stamp, and did place her life in jeopardy by the use of a dangerous weapon, a pistol, in effecting said robbery." And to that indictment you were duly arraigned before me on February 15th and entered a plea of not guilty.

MR. SEMET: Yes, sir.

THE COURT: And the burden is upon the Government to prove you are guilty to this offense to the satisfaction of the jury beyond a reasonable doubt, and you are not required to give any evidence against yourself.

Now, do you want your trial by jury?

MR. SEMET: No, sir.

THE COURT: You want to plead guilty?

MR. SEMET: I want to plead guilty and get my sentence.

THE COURT: What is the punishment upon conviction?

MR. LANGLEY: Twenty-five years, your Honor. Probation can be given, the courts have held, the suspension of imposition of sentence, the courts have held. Although the statute doesn't provide for it, the courts have held it can be done. But, if a sentence is given, it is 25 years mandatory.

THE COURT: What is the maximum sentence upon conviction?

MR. GOTCHER: Just 25 years. The statute reads, punishment of hereabove crime will be 25 years.

THE COURT: You understand the charges, and the punishment that can be imposed is 25 years imprisonment?

MR. SEMET: Yes, sir.

THE COURT: Knowing these charges, and having advice of counsel, and knowing the maximum punishment, you wish to change your plea?

MR. SEMET: Yes, sir.

THE COURT: You want to change your plea of not guilty to guilty?

MR. SEMET: Yes, sir.

THE COURT: Has anyone given you any promises of any kind with reference to your changing your plea?

MR. SEMET: No, sir.

THE COURT: Now, the Court wants to advise you that you heard some discussion here this morning going on between your attorney and the department of justice. This has been going on without any knowledge about it on my part. You have heard it announced that the Government is not going to reduce the charge, that you stand charged in the same manner in which you were arraigned, there will be no charge.

MR. SEMET: Yes, sir.

THE COURT: You should not consider it as being any kind of a promise, you understand that?

MR. SEMET: Yes, sir.

THE COURT: Now, has anyone by any manner or means given you any promises to cause you to enter a plea of guilty in this case?

MR. SEMET: No, sir.

THE COURT: Anyone used any force or any pressure to cause you to change your plea?

MR. SEMET: No, sir.

THE COURT: Are you guilty of this offense?

MR. SEMET: Yes, sir.

THE COURT: Did you use a pistol?

MR. SEMET: Yes, sir.

THE COURT: And did you rob this Post Office and this Post Mistress and take the Post Office Money Orders?

MR. SEMET: Yes, sir.

THE COURT: The Court will accept your plea of guilty and refer the matter to the Probation Officer for a pre-sentence report. Do you have a pre-sentence report in this case?

MR. LAYDEN: Yes, sir.

THE COURT: Do you wish to be sentenced today?

MR. SEMET: Yes, sir, I do.

THE COURT: I haven't read your report, are you still being held in jail at this time?

MR. SEMET: Yes sir.

THE COURT: All right, stand by and I will read the report.

(Whereupon a recess was taken in the proceedings.)

AFTER RECESS, with the same counsel and parties present.

MR. LANGLEY: If the Court please, we would like permission to file in this case the letter we received yesterday from Mr. Semet.

THE COURT: Does the defendant have any objection to this request?

MR. GOTCHER: No, sir.

THE COURT: All right, you may file the letter. You are William Frederick Semet?

MR. SEMET: Yes, sir.

THE COURT: Who appeared before me earlier today. And let the record show that Mr. Paul Gotcher is also present in court this morning.

The Court has now had a chance to study the pre-sentence report prepared by the Probation Officer on you, the defendant in this case, and I am now ready to proceed with the matter of sentencing you, unless there is some objection why I should not. Is there any objection why I should not proceed at this time, Mr. Gotcher?

MR. GOTCHER: No, sir, there is not. Mr. Semet told me he wanted to be sentenced as early as possible, and the Court is taking care of the matter now.

THE COURT: Any objection to proceeding with the sentence at this time as far as the defendant is concerned?

MR. SEMET: No, sir.

THE COURT: Before I sentence you the Court invites you to make any statement you care to make in your own behalf or in mitigation of punishment.

MR. SEMET: Well, the only hope I have is parole, I believe, I don't know if there is a recommendation made by the court or not.

THE COURT: No, sir, the matter of parole is up to the prison system. I have nothing to do with that. Anything further you wish to say?

MR. SEMET: No, sir.

THE COURT: Anything you care to add, Mr. Gotcher?

MR. GOTCHER: No, sir, there isn't, your Honor.

THE COURT: The defendant has a very bad prior record, I cannot give probation in this case. It is the judgment and sentence of the Court that the defendant, William Frederick Semet, be sentenced to the custody of the Attorney General for a period of 25 years.

(Hearing concluded)

230 Court St.
Muskogee, Okla.
March 15, 1963

Mr. Edwin Langley
U. S. District Attorney
Federal Building
Muskogee, Oklahoma

Dear Sir:

On Feb. 15, 1963 I entered a plea of not guilty through my court appointed attorney Mr. Paul Gotcher, to the charge of Armed Robbery of a U. S. Post Office.

At this time after careful consideration, I would like to withdraw my plea of not guilty and enter a plea of guilty. I would also like to waive all other action, and be placed on the next docket for sentence, in order that I may receive my sentence and be transferred. There has been no influence used on me and this decision is made by me.

Yours very truly
William F. Semet