**James A. McCOY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19438.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1966.

Decided June 9, 1966.

Petition for Rehearing Denied
July 18, 1966.

Bazelon, Chief Judge, dissented.
See also D.C.Cir., 357 F.2d 272.

Miss Barbara Allen Babcock, Washington, D. C., with whom Mr. Thomas A. Wadden, Jr., Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and John R. Treanor, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge:

Appellant had pled not guilty to a charge of violating D.C. Code § 22–2204, unauthorized use of a motor vehicle, punishable by a fine not exceeding $1,000 or imprisonment not exceeding five years, or both. At the conclusion of the Government's case in chief a plea to the lesser offense of taking property without right, carrying a maximum sentence of six months or a fine of $100.00, or both, D.C. Code § 22–1211, was discussed. Defend-

ant was advised by the court of this maximum sentence and that the time he had spent in jail would be considered; but he was also advised by the court that he must clearly understand the court was not making any promise whatever. The defendant stated, "I will plead to taking property without right." In response to inquiries by the court he stated that he had been advised of his right to a speedy trial, that he could not withdraw his plea, that he could have the assistance of counsel if he went to trial, and that he understood the nature of the charge against him, which was explained in some detail. The following then transpired:

> The Court: Did you in fact do that?
> The Defendant: Did I take somebody's property?

> The Court: Did you take their property without right—in this case an automobile?

> The Defendant: No, sir.

At this point the court advised him that if he did not take the property the court could not let him plead guilty. Defendant then stated, "Your Honor, if I am willing to plead to this lesser charge, could I plead?" The court replied: "You can't plead before me to a charge to which you say you are not guilty. No sir, you cannot do that." [1]

The trial was resumed, resulting in a jury verdict of guilty of unauthorized use of a motor vehicle. Appellant was sentenced to eight months to three years. [2]

Appellant's position is that the court erred in refusing to accept the plea to the less serious offense, for which reason, it is contended, the judgment should be reversed and the case remanded to allow such a plea to be entered. We think appellant is not entitled to this relief.

Rule 11 of the Federal Rules of Criminal Procedure provides:

> A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept the plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

While the literal reading of this language reposes a discretion in the court to refuse to accept a plea of guilty once it determines the plea is made voluntarily and with an understanding of the nature of the charge, the plea should not be refused without good reason. *Cf.* Overholser v. Lynch, 109 U.S.App.D.C. 404, 408–409, 288 F.2d 388, 392–93, rev'd on other grounds, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211; In re Williams, 165 F.Supp. 879 (D.D.C.), where good reason was in fact given; United States v. Willis, 75 F.Supp. 628 (D.D.C.).[3] The cases relied upon by appellant to the effect that in a criminal prosecution a de-

---

1. In a colloquy which ensued with the defendant the court was advised of the substance of the testimony defendant was later to give, that he was sitting in a friend's car to be taken home.

2. The court considered defendant's juvenile court record as weighing against a lighter sentence.

3. In *Williams*, Judge Youngdahl referred to the discretion of the court to refuse to accept a guilty plea, stating: "The issues involved in the plea of guilty and the consequences which attach to a plea require a greater degree of awareness than the competency to stand trial. The Court may reasonably find, as it did in

this case, that the latter competency may exist and still not feel justified in accepting a plea of guilty on the defendant's behalf." 165 F.Supp. at 881. In *Willis*, Judge Holtzoff said that "[t]he power of a court to accept a plea of guilty is traditional and fundamental. Its existence is necessary for the purpose of serving the practical ends of the administration of the criminal law." 75 F.Supp. at 630. He added, "while a defendant indicted on a charge * * * has no right to insist on the acceptance of a plea of guilty, the Court, nevertheless, in the exercise of its discretion, has the power to accept such a plea, if it deems it wise to do so." 75 F.Supp. at 631.

fendant has a right to plead guilty [4] do not hold acceptance of such a plea is mandatory in all cases, certainly not by a federal court governed by Rule 11.

■■ The true position of appellant seems to be that in declining to accept the plea the court used an erroneous standard for the exercise of its discretion. It is contended the court could not refuse to accept the plea made voluntarily with understanding of the nature of the charge, in full compliance with Rule 11. The answer is that although the standards of the Rule must be met, a discretion still remains. We emphasize in this connection that in the present case the plea appellant desired to enter was to a less serious offense than that charged in the indictment on trial. In that situation a discretion remained with the trial court, notwithstanding the conditions specified in the Rule were met; and we do not think the discretion was abused.

In so deciding we wish to avoid our decision being interpreted as holding that a plea may not be accepted unless the accused in open court avows in effect that he has resolved all doubts against himself with respect to his guilt of the offense to which the plea is to be entered. The judges of our District Court some years ago adopted a Resolution stating their consensus that in all cases in which a defendant enters a plea of guilty he should be interrogated under the direction of the court to establish certain facts enumerated in the Resolution.[5] Among the facts enumerated are "[t]hat defendant did in fact commit the particular acts which constitute the elements of the crime or crimes charged," and "[t]hat he is entering the plea * * * because he is guilty and for no other reason."

■■ The Resolution has the purpose of avoiding improvident pleas and also of diminishing the likelihood of a later motion to withdraw a guilty plea on the claim of innocence. See United States v. Lester, 2 Cir., 247 F.2d 496, 500–501, and cases cited. But a District Judge with responsibility in a particular case is not bound by the Resolution; he does not surrender his own judgment to a consensus expressed in this manner. Moreover, the Resolution faces the serious objection, voiced by appellant in this case, that a willingness to concede the commission of facts constituting the elements of the crime, and a personal admission of guilt, should not be essential to the acceptance of a plea of guilty under Rule 11. While it would be improper for a court to accept such a plea unless satisfied there was significant evidence that the accused was involved or implicated in the offense, the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried. Such a verdict would depend upon a jury being satisfied of guilt beyond a reasonable doubt. An accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty; or for other reasons he might wish to avoid further contest: "Reasons other than the fact that he is guilty may induce a defendant to so plead * * * and the right of the defendant to so plead has never been doubted. He must be permitted to judge for himself in this respect." State v. Kaufman, 51 Iowa 578, 2 N.W. 275, 276. This may very properly be deemed dictum in the opinion, but it has much soundness; for guilt, or the degree of guilt, is at times uncertain and elusive. The result of trial of a particular case rests with a jury of twelve, or with a trial judge where there is no jury. An inflexible standard for accepting a guilty plea, in order to serve the desirable purpose of avoiding a subsequent motion to withdraw the plea, leads to an undesirable consequence,

---

4. See, e. g., Pope v. State, 561 Fla. 81, 47 So. 487 (Fla.); Williams v. State, 89 Okl. Cr. 95, 205 P.2d 524, 542.

5. The Resolution is set forth in full in Everett v. United States, 119 U.S.App. D.C. 60, 61 n. 3, 336 F.2d 979, 980 n. 3.

namely, a requirement that in order to be able to plead guilty and accept sentence without trial an accused must not only enter the plea voluntarily and with full knowledge of the nature of the charge as required by Rule 11, but must publicly resolve all doubts as to guilt against himself. Since Rule 11 does not require this the District Court need not.

In this case, considering the whole exchange between the court and appellant, partly reproduced above, we find no basis for holding that the court abused its discretion in refusing to accept the plea to the less serious offense, though tendered in compliance with Rule 11.[6]

Affirmed.

BAZELON, Chief Judge (dissenting):

Three factors must clearly and affirmatively appear in the record before the trial court in exercising its discretion to accept a plea of guilty. First, that the defendant, advised by counsel, fully understands the significance of his action.[1] Second, that he is acting intelligently and voluntarily and not as a result of any threats, promises or incapacity.[2] Third, that there is at least prima facie evidence tending to establish that the defendant committed the crime to which he is pleading guilty.[3] This can be supplied not only by an admission of guilt, but also from the government's evidence, or from other information before the court.

Here, the third requirement was satisfied by the government's evidence at trial, presented before the question of pleading guilty arose. The trial judge, however, rejected the defendant's guilty plea. The judge was apparently of the view that only an unequivocal confession of guilt would suffice. Since the judge acted on an incorrect premise, I would remand the case for a proper consideration of the offer to plead guilty.

---

6. We note also that trial counsel for appellant stated on the record that "at no time have I suggested, even suggested to Mr. McCoy that he plead guilty to anything." Counsel did not press upon the trial court a contention that the plea sought to be entered should have been accepted.

1. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

2. Ibid.; Bishop v. United States, 121 U.S. App.D.C. 243, 349 F.2d 220 (1965); Overholser v. Lynch, 109 U.S.App.D.C. 404, 408–409, 288 F.2d 388, 392–393 (1961), reversed on other grounds, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962).

3. Unless rejected by Congress, Rule 11, FED.R.CRIM.P., will include the following sentence after July 1, 1966: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."