Eddie LEWIS, Appellant,

v.

UNITED STATES of America, Appellee.

James G. NELSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 8656, 8673.

United States Court of Appeals Tenth Circuit.

Sept. 6, 1966.

---

2. Defendant, of course, vigorously denies any such breaches.

Robert G. Duncan and James Dahl, Kansas City, for appellants.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellants were charged jointly with robbing the Federal Credit Union at Kansas City, Kansas on August 13, 1965, and with putting the lives of two employees in jeopardy in the course thereof by use of a dangerous weapon, a loaded gun, in violation of 18 U.S.C. § 2113(a)(d). They were tried before a jury and convicted, and from the judgment and sentence have appealed. As grounds for reversal the appellant Lewis asserts insufficiency of the evidence to support the verdict against him, and both appellants claim the evidence was insufficient to establish the use of a loaded gun. Both appellants also object that the trial court's instructions concerning circumstantial evidence and the essential elements of the crime constituted prejudicial error.

The evidence introduced by the government which is pertinent to this appeal is as follows: About 7:30 on the morning of August 13, 1965, the appellants, James G. Nelson and Eddie Lewis, both negroes,

offered one Leon D. Hildreth $5.00 to drive them from Kansas City, Missouri to Kansas City, Kansas in his car. They went first to the parking lot of an apartment house overlooking the Federal Credit Union in Kansas City, Kansas, arriving there about 8:00 A.M., and then to 1141 Georgia Street, arriving at 8:30. Hildreth got out at this address, letting Nelson and Lewis take his car. About 9:15 A.M. two negro men, each with a pistol in his hand, entered the Federal Credit Union, told the two women employees, "This is a hold-up, we want your money", forced the employees to lie down, and then made off with $19.20. Nelson was identified at the trial by one of the employees of the Union as one of the two men who committed the robbery. Lewis was not identified. About 9:30 A.M., Nelson and Lewis returned to the place they had left Hildreth, who drove them back to Kansas City, Missouri.

■■ We do not agree that this evidence is insufficient to support the verdict against Lewis. The jury was entitled to draw such inferences and deductions as were reasonably warranted from the evidence, and in our opinion the conclusion from this evidence that Lewis participated with Nelson in the robbery was entirely reasonable. Swallow v. United States, 10 Cir., 307 F.2d 81 (1962); Dykes v. United States, 114 U.S.App.D.C. 189, 313 F.2d 580 (1964).

■ With respect to the contentions of the appellants concerning the lack of evidence that the guns used in the robbery were loaded, we think that when Nelson and Lewis entered the Credit Union with guns in their hands and announced a holdup, they wanted the two women employees to believe the guns were loaded and that the jury could fairly infer that they were. Wagner v. United States, 9 Cir., 264 F.2d 524 (1959); Wheeler v. United States, 8 Cir., 317 F.2d 615 (1963).

■■ The objection to the court's instruction on circumstantial evidence is that it did not contain language to the effect that the circumstances shown in evidence must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. There is no merit to this contention. The instruction given by the court reads as follows:

"There are two types of evidence from which a jury may properly find a defendant guilty of an offense. One is direct evidence—such as the testimony of an eyewitness. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the commission of the crime.

"As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case."

It is fundamental, of course, that the court's instructions are to be taken as a whole in determining the validity of any single instruction. When the instruction on circumstantial evidence is considered along with the instruction given on reasonable doubt, which was full and clear, it obviously meets the requirement laid down by the United States Supreme Court in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. In that case the court said:

"The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, (citations omitted) but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, United States v. Austin-Bagley Corp., 2 Cir., 31 F.2d 229, 234, cert. denied, 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002; United States v. Becker, 2 Cir., 62 F.2d 1007, 1010; 1 Wigmore, Evidence (3d ed.), §§ 25–26.

"Circumstantial evidence in this respect is intrinsically no different from

testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

■■ Finally, objection is made that the court did not properly advise the jury as to the essential elements of the crime charged. More specifically, the objection is that plain error was committed by the trial court in charging the jury that a conviction was authorized if either an assault was made or lives were put in jeopardy when the information alleged both took place, that the charge authorized conviction where lives were put in jeopardy by either a dangerous weapon or a dangerous device when the information alleged the use of a loaded gun, and that under the instruction the jury was not required to find the gun was loaded although the information alleged that it was. We have examined the instructions carefully in this regard and find no fault with them. Any defect lies with the information and not with the court's instructions. The statute involved, 18 U.S. C. § 2113, provides that whoever in committing the offense charged here "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" is subject to the penalty fixed by the statute. The information does, therefore, allege more than the statute requires, but no objection to the information has been made on this appeal and there is nothing in the record to indicate that either of the appellants was in any way critically affected by the surplusage in the information. Certainly, the defect does not rise to the stature of plain error.

Affirmed.