**UNITED STATES of America,
Plaintiff,**

v.

**William Frederick SEMET, Defendant.**

**Crim. No. 26969.**

United States District Court
E. D. Oklahoma.

Dec. 19, 1968.

No appearance for plaintiff.
William Frederick Semet, pro se.

### ORDER

DAUGHERTY, District Judge.

Defendant Semet has filed a Motion to Vacate or Correct his Sentence of twenty-five years or in the alternative to be granted an evidentiary hearing on the ground that such sentence was illegally imposed, in that he did not understand the charge to which he pleaded guilty. This Motion is the second attempt by Semet to obtain relief from his conviction.[1] He proceeds under Rule 35, F.R. Crim.P., 18 U.S.C.A. and 28 U.S.C.A. § 2255.

As regards Defendant's Motion under Rule 35, said Motion must be denied as it presupposes a valid conviction of the offense with which he was charged and may be used only to attack the sentence. It may not be used to examine errors occurring prior to the imposition of sentence. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Defendant was convicted of a violation of 18 U.S.C.A. § 2114, for postal robbery effected by the use of a dangerous weapon with which a life was placed in jeopardy. The statute prescribes a mandatory sentence of twenty-five years for the offense and that was the sentence Defendant received.

In this second proceeding under 28 U.S.C.A. § 2255,* Defendant this time claims the record will not support his plea of guilty because it did not occur to the Court to ask him if the gun he used was loaded and capable of causing bodily harm. Defendant also claims that both the prosecution and his defense counsel misled him as to what the law was concerning his offense in that they assured him that the crime was the same whether or not the gun was loaded.[2] The Court has previously found from the record that Defendant "understood" the nature of the crime with which he was charged

---

1. Semet v. United States, 253 F.Supp. 521 (D.C.Okl.1966), aff'd 369 F.2d 90 (10th Cir. 1966).

* The Court will consider this Motion in the criminal case to save judicial time even though it is a civil matter and should be the subject matter of a separate civil action.

2. In this respect, Defendant states in his brief:
"Court appointed counsel informed defendant prior to his plea of guilty that so long as he had a pistol, this constituted the aggravated offense within Section 2114. With these assurances where it had previously been strongly implied by the prosecutor and petitioner's lawyer that the law was settled with respect to the aggravated count of jeopardy—even though an unloaded weapon was used. Petitioner was led to believe that the 'psychological' jeopardy, per se, created in the mind of the victim automatically invoked the aggravated penalty." Defendant's counsel is now deceased. It is noted that Semet has carefully avoided making the positive statement herein, under oath or otherwise, that the pistol he acknowledged using in robbing the Postmistress was, in fact, unloaded.

and the consequence of his plea of guilty thereto.[3]

■ In essence, the Defendant contends that he was maladvised with respect to the law of his case and that he entered his plea under a misapprehension of what facts constituted an offense under the aggravated portion of 18 U.S. C.A. § 2114. The words of the statute regarding the use of a dangerous weapon are unqualified: " * * * if in effecting * * * such robbery he * * * puts his life in jeopardy by the use of a dangerous weapon * * * [he] shall be imprisoned twenty-five years." The danger created must have been actual and not merely a danger existing in the mind of the victim. United States v. Donovan, 242 F.2d 61 (2nd Cir. 1957). Prior to the *Donovan* case, the law was different, at least on the surface. It was considered sufficient under the statute if the weapon was displayed and created a subjective fear in the mind of the victim. Madigan v. United States, 23 F.2d 180 (8th Cir. 1927). However, in the *Madigan* case and the very early cases on which it relied [4] there was such an admixture of actual danger vs. subjective fear that it is difficult to make a clear-cut distinction from the *Donovan* ruling.

■ To apply the defense that the weapon used was not in fact deadly, the courts have created a rule of evidence which takes one of two forms. Under the "rebuttable presumption" rule, actual danger was created if a weapon was used in effecting the robbery, it being presumed in the absence of evidence to the contrary that the weapon was capable of causing serious bodily harm or death. Madigan v. United States, supra. According to the "permissible inference" rule, a weapon used in a robbery was considered a sufficient circumstance to permit the jury to infer that it was a deadly weapon, and the prosecution need not prove that it was in fact deadly. Wagner v. United States, 264 F.2d 524 (9th Cir. 1959), cert. den. 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548. These two rules of evidence are discussed at length in Wheeler v. United States, 317 F.2d 615 (8th Cir. 1963).[5] Both rules have been used in the Tenth Circuit. Madigan v. United States, supra, and Lewis v. United States, 365 F.2d 672 (10th Cir. 1966).[6] Regardless of which rule of evidence could apply, the use of a weapon in effecting a robbery of the mails, absent any other circumstance, allows a finding that such weapon was capable of placing life in actual danger and jeopardy.

Whether all these refinements of the law were explained to the Defendant by his attorney will ever remain unknown, as his attorney (a former United States Attorney) is now deceased. However, it is not necessary to indulge in such speculations, as that is not a requirement on the Court in determining whether it shall accept a plea of guilty. The duty of the Court in accepting a plea is described by Rule 11, F.R.Crim.P., 18 U.S.C.A. On March 19, 1963, the date Defendant entered his plea of guilty, the Rule provided:

"The court * * * may refuse to accept a plea of guilty, and shall not

---

3. "This transcript shows that the Petitioner was fully advised of the nature of the charge against him, the penalty upon a plea of guilty, and was thoroughly questioned as to the voluntary nature of his plea of guilty. * * * Therefore, the Court finds from the transcript of the sentencing proceedings and the files and records in the case that the guilty plea entered by Petitioner was made voluntarily, with full understanding of the charge and penalty * * *." 253 F. Supp. 521 at pp. 523–524.

4. United States v. Reeves, 38 F. 404 (C. C.Tex.1889); United States v. Wilson, Fed.Cas.No. 16,730 (C.C.Pa.1830).

5. The *Wheeler* case involved a prosecution under 18 U.S.C.A. § 2113(d), which contains language similar to that under consideration here. The court cited cases involving 18 U.S.C.A. § 2114 violations without making any distinction, and none is warranted. Cf. LaClair v. United States, 241 F.Supp. 819 (D.C.Ind.1965) discussion at p. 827.

6. The opinion in *Lewis* was written by Judge Langley, sitting by designation. Judge Langley was the attorney for the United States at the proceeding attacked herein.

accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

Defendant undertakes to attack the voluntariness of his plea of guilty by reason of his claimed lack of understanding of the charge. This contention does not raise the question of whether Defendant voluntarily and understandingly pleaded guilty, but rather, whether the Court satisfactorily performed its duty under Rule 11 in accepting the plea. United States v. Rizzo, 362 F.2d 97 (7th Cir. 1966). In order to convey an understanding of the "nature of the charge" to the Defendant, it was not necessary to explain the elements of the offense. United States v. Lowe, 367 F.2d 44 (7th Cir. 1966). It is sufficient that the indictment was read to him at the proceedings wherein his guilty plea was accepted. Cf. Owensby v. United States, 353 F.2d 412 (10th Cir. 1965). Indeed, the files and record of this case show that a copy of the indictment was served on Defendant herein on February 15, 1963, more than a month prior to his guilty plea.[7] It is not necessary under Rule 11 that the Court make a formal determination of the Defendant's understanding of the charge, Lane v. United States, 373 F.2d 570 (5th Cir. 1967); United States v. Davis, 212 F.2d 264 (7th Cir. 1954); it is only necessary that the Court be "responsibly satisfied" that the plea was voluntarily and understandingly made. Turner v. United States, 325 F.2d 988 (8th Cir. 1964). The Court is not required to make a factual determination of guilt. In McCoy v. United States, 124 U.S.App.D.C. 177, 363 F.2d 306 (1966), the court stated:

"While it would be improper for a court to accept such a plea unless satisfied there was significant evidence that the accused was involved or implicated in the offense, the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried." 363 F.2d 306 at p. 308.

The court points out that such action by the sentencing court would usurp the fact-finding function of a trial:

"The result of trial of a particular case rests with a jury of twelve, or with a trial judge where there is no jury." 363 F.2d 306 at p. 308.

It is not for the Court to delve into all the reasons a Defendant may have for pleading guilty:

"An accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty; or for other reasons he might wish to avoid further contest." 363 F.2d 306 at p. 308.

Rule 11 does not require the Court to elicit from a defendant an acknowledgment of such facts as would eliminate the existence of any possibility as to his guilt. The reason is clear:

"An inflexible standard for accepting a guilty plea in order to serve the desirable purpose of avoiding a subsequent motion to withdraw the plea, leads to an undesirable consequence, namely, a requirement that in order to be able to plead guilty and accept sentence without trial an accused must not only enter the plea voluntarily and with full knowledge of the nature of the charge as required by Rule 11, but must publicly resolve all doubts as to guilt against himself. Since Rule 11 does not require this the District Court need not." 363 F.2d 306 at pp. 308–309.

---

7. The indictment read: "On or about the 29th day of November, 1962, at Overbrook, in the Eastern District of Oklahoma, William Frederick Semet did rob, steal and purloin from Madge Holt, Postmaster of the United States Post Office at Overbrook, Oklahoma, property of the United States in her lawful charge, control or custody, to-wit: blank United States Postal Money Orders Nos. 10–46,823,933 through 10–46,823,950 and the money order validating stamp, and did place her life in jeopardy by the use of a dangerous weapon, a pistol, in effecting said robbery."

On the appeal of Defendant's previous proceedings of this nature before this Court, the Appellate Court stated:

"The transcript of proceedings on the occasion of the entry of the plea of guilty discloses the trial judge's extended efforts to communicate to the petitioner-appellant the consequences of his plea of guilty. The contents of the indictment, the right to a jury trial and the twenty-five years maximum sentence were fully and clearly explained by him. Petitioner-appellant unequivocally stated that he wished to change his plea to guilty. * *. * In the case at bar the trial judge was painstaking and thorough in satisfying himself that the accused before him understood the nature of the proceeding and that his act of changing his plea was voluntary." Semet v. United States, 369 F.2d 91 (10th Cir. 1966) at pp. 91–92.

Defendant cites Smith v. United States, 309 F.2d 165 (9th Cir. 1962) as being a case very similar to this one and in which an entry of a guilty plea was vacated when it appeared that the defendant was advised that it was immaterial whether the gun was loaded in effecting a bank robbery. Another case similar to *Smith,* supra, is Wilcox v. United States, 381 F.2d 450 (9th Cir. 1967). However, both cases are distinguishable, and plainly so, from the instant case. In the *Smith* case, the defendant was not represented by counsel, and it affirmatively appeared from the record of the plea and sentencing proceedings that the United States Attorney represented in open court that it made no difference whether the gun used in the robbery was in fact unloaded. In the Wilcox case, both counsel for the United States and the defendant, as well as the court, misconceived the law, thinking that it made no difference that the gun used was unloaded, all of which appeared in the record. None of these circumstances are here present.

■ The sole question here is whether the Court has satisfied its obligations under Rule 11 in determining that Defendant understood the nature of the charge and voluntarily pleaded guilty thereto. Under the principles of the cases discussed previously on this point [8] the Court concludes that it responsibly satisfied the requirements of Rule 11 and that Defendant's contentions are without foundation in law. An evidentiary hearing to reopen the issue of Defendant's understanding of the charge is, therefore, not appropriate.

Defendant's Motion to Vacate or Correct Illegal Sentence under Rule 35, F.R.Crim.P., 18 U.S.C.A., is denied and Defendant's Petition for an evidentiary hearing under 28 U.S.C.A. § 2255 is denied.

---

8. United States v. Rizzo; United States v. Lowe; Owensby v. United States; United States v. Davis; Lane v. United States; Turner v. United States; supra.